HAMBRICK, et als., v. J. M. BRAGG, et als., and R. P. BURKS, et als., v. J. M. BRAGG, et als.

BANKRUPTCY. *Pending of bankrupt proceedings. Effect of.* A. made a fraudulent desposition of his property to his children; B., his creditor, filed his bill attacking the same for fraud, and had an attachment issued, but before it was levied upon the land, A. filed his petition in bankruptcy. After this the complainants, as creditors of said Bragg, appeared in the Federal District Court, and resisted the granting of a discharge in bankruptcy to said Bragg, on the ground of his having made this fraudulent and collusive disposition of his estate to his children.

*Held,* Where a party seeks precisely the same relief against the property, which he claimed to enforce against it by virtue of his lien obtained in the State Courts, and after full investigation on its merits, and the same is decided against him, it must be held an adjudication of the question by a Court having competent jurisdiction of the question, and conclusive of the rights of the parties, when interposed to defeat the enforcement of the lien, or the rights of the parties in a

3—VOL. 4.

proceeding in a State Court, whether begun before or after the commencement of the bankrupt proceeding.

Cases cited: Alsabrooks v. Charles Cates, et als., 5 Heisk., 271.

Code cited: §3507

Authority cited: Bump on Bank., 7th Ed., 452.

---

FROM WARREN.

---

Appeal from the Chancery Court. B. M. TILMAN, Chancellor.

W. E. B. JONES for Hambrick.

SAVAGE & SWAFFORD for Bragg.

FREEMAN, J., delivered the opinion of the Court.

The original bill of Hambrick, et als., v. J. M. Bragg, et als., was filed in the Chancery Court at McMinnville, December 16, 1868. It sought to set aside as fraudulent, and intended to hinder and delay creditors, a certain decree obtained in said Court by the children of Bragg, in which, under the guise of a resulting trust, a tract of land in the pleadings mentioned had been decreed to, and title vested in said children of Joseph M. Bragg. An attachment was issued, but not levied on the land until March 15, 1869. In the meantime, on December 31, 1868, the debtor of complainants, Joseph M. Bragg, had filed his petition in the District Court of the United States, praying to be discharged of his debts under the bankrupt law of 1867.

After this, in, perhaps, September, 1870, the com-

plainants, as creditors of said Bragg, appeared in the Federal District Court, and resisted the granting of a discharge in bankruptcy to said Bragg, on the ground of his having made this fraudulent and collusive disposition of his estate to his children. They state in their petition contesting said charge, that they had filed their claims, and the same had been proven according to law. In their specifications, and in this bankrupt proceeding, they allege substantially the same grounds, and reiterate the same charges of fraud made in their original bill in the Chancery Court. On these charges and specifications, after an answer by Bragg, proof was taken, and the whole question presented for decision before the District Court. On July 25, 1872, the matter was heard before the Court, Connelly F. Trigg, Judge of said Court, who decreed, that the matters alleged in the specifications had been met and denied by the answer of defendant, and were not sustained by the proof, and were insufficient to bar defendant Bragg from obtaining his discharge, dismissed the petition, and ordered and decreed him a regular discharge from his debts and liabilities existing at the time of filing his petition.

His Honor, the Chancellor, held this conclusive as. against complainants in the present bills, and dismissed them. The question is as to the correctness of the decree on the facts above stated.

We may assume, for the sake of the argument, that the levy of the attachment on March 15, 1869, related back to the filing of the original bill in December,

1868, under §3507 of the Code, and fixed a lien on the land, it being specifically mentioned in the bill, yet complainants, we think, must fail in this case for the following reasons:

By §20 of the Bankrupt Act of 1867, where a creditor has a lien on property for securing the payment of his debt, he shall be admitted to prove his debt as a creditor only for the balance of his debt, after deducting the value of such property thus charged with the debt. He thus gets the benefit of his security, and may prove and receive his dividend on the balance not covered by such security.

By §21, "no creditor proving his debt or claim shall be allowed to maintain any suit at law or equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, and all proceedings commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby."

The best considered decisions we have seen, hold, that by proving the debt, without claiming the benefit of any security or lien, or bringing the same before the Bankrupt Court to be allowed or adjusted, the party waives his rights by virtue of such lien, and the discharge after this will be a bar to the enforcement of his lien or security.

Much more must this be the case where the debt is not only proven, but the party comes before the Bankrupt Court, and seeks precisely the same relief as against the property, which he claimed to enforce against

it by virtue of his lien obtained in the State Courts, and after full investigation on its merits, and the same is decided against him. It must be held an adjudication of the question by a Court having competent jurisdiction of the question, and conclusive of the rights of the parties, when interposed to defeat the enforcement of the lien, or the rights of the parties in a proceeding in a State Court, whether begun before or after the commencement of the bankrupt proceeding.

It is proper to say here, however, that by virtue of §14 of the bankrupt law, all attachments or *mesne process,* such as the present, are dissolved when the attachment was made within four months next preceding the commencement of the proceedings, by virtue of the conveyance of the bankrupt's property to the assignee. See cases Bump on Bankruptcy, 7th Edition, 452.

The complainants then had no lien which could have stood against the bankrupt proceedings, or the rights of the assignee. If any priority existed in such case, it could only have been enforced, perhaps, in the Bankrupt Court.

This is conclusive of the question presented in this case. As to the other case of Burks, *et als.,* we need but say, the same reason applies, and in addition, the parties would be effectually defeated by the fact that their bill was filed some time after the commencement of the proceedings in bankruptcy. Such is the principle of the case of *Alsabrook* v. *Charles Cates, et als.,* 5 Heisk., 271, the correctness of which we do not doubt. Let the case be affirmed, with costs.