CHILTON, *Appellant*, v. THE ST. LOUIS & IRON MOUNTAIN RAILWAY COMPANY.

Division One, February 6, 1893.

1. **Railroad**: REASONABLE REGULATION: QUESTION OF LAW. Whether the regulation of a railroad company as to the carriage of passengers is a reasonable one is, where the facts are undisputed, a question of law.

2. ———: ———: ———: HARMLESS ERROR. The erroneous submission, however, of such question to the jury will be deemed harmless where its finding thereon is correct.

3. ———: CIVIL RIGHTS: CARRIAGE OF PASSENGERS: CONSTITUTION. The constitution of the United States, amendment 14, which provides that "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," and constitution of Missouri (1865), article 1, section 3, which provides that "No person can, on account of color, be subjected in law to any other restraints or disqualifications in regard to any personal rights than such as are laid upon others under like circumstances," are not violated by a railway regulation which forbids negroes to travel in the same cars with white persons, where the company provides equally safe, commodious and comfortable cars for the negroes as for such white persons.

*Appeal from St. Louis City Circuit Court.*—HON. G. A. MADILL, Judge.

AFFIRMED.

*E. W. Pattison* for appellant.

*Dryden & Dryden* for respondent.

(1) The instructions given by the trial judge were warranted by the evidence, covered the points in the case and announced the law correctly. (2) There was nothing in the evidence to show that the rules in question were not uniform as to those for whom they were designed. The fact that the rule was not always strictly enforced does not warrant the impeachment of the rule itself. (3) The court rightly submitted the question of the reasonableness of the regulation to the jury. (4) The regulation requiring colored persons to ride in cars other than ladies' cars was not *per se* an unreasonable regulation. *Fell v. Knight*, 8 Mees. & W. 269; *Day v. Owen*, 5 Mich. 520; *Railroad v. Miles*, 55 Pa. St. 209; *Railroad v. Williams*, 55 Ill. 185. (5) Section 3, article 1 of the constitution of Missouri does not affect the question here presented. No person has a personal right to be carried in any particular car.

MACFARLANE, J.—This is a suit by plaintiff Mary Chilton and her husband, who were of African descent, to recover damages by reason of the agents of defendant removing the said Mary from what was known as the ladies' coach on one of defendant's trains on which she was a passenger, and refusing to carry her therein. Defendant, by its answer, justified its action on the ground that it had adopted a regulation for the management of its business as a carrier of passengers, which was then in force and known to plaintiffs, which prohibited persons of the race to which she belonged from occupying the ladies' coach, but that it had supplied for the use of plaintiff and others of said race another car equally safe, comfortable, commodi-

ous and convenient, in which plaintiff had been requested to take a seat and which she had refused to do.

The evidence tended to prove the issues.    The court of its own motion gave the jury the following instructions:

"1. If the jury believe from the evidence in this case that, at the time of the happening of the occurrence complained of in the petition, it was a regulation of the defendant in the conduct of its business of carrying passengers on its cars between St. Louis and Carondelet to require colored persons (or persons of African descent) to ride in cars other than those known as ladies' cars, and that such regulation, under all the evidence in this case, was a reasonable one, and that defendant was ready and willing and offered to carry the plaintiff, Mary Jane Chilton, in a car other than such ladies' car, which was a reasonably safe, commodious and comfortable car, and in which there was sufficient and suitable room for her to be carried;    *    *    *    and that the said Mary Jane had notice of such regulations, and refused to comply with them, and that in consequence of such refusal the defendant's agents expelled her from said cars, using no more force than was necessary for that purpose, then the jury are instructed to return a verdict for the defendant.

"2. Although the jury may believe from the evidence that it was a regulation of the defendant, in the conduct of its business of carrying passengers on its cars between St. Louis and Carondelet, to require colored persons, or persons of African descent, to ride in cars other than ladies' cars, and that such regulation, under all the evidence in the case, was a reasonable one, and that the plaintiff, Mary Jane, had notice of such regulation, yet, if they further believe from the evidence that the defendant was not then and there

ready and willing to carry the said Mary Jane in a car other than the ladies' car, which was reasonably safe, commodious and comfortable, and in which there was sufficient and suitable room for her, then they will find for the plaintiffs, provided they further believe that the agents of defendant expelled her from said ladies' car, and that the said plaintiffs are husband and wife.''

The other instruction bore on the question of the measure of damages, and no point is made on it. Verdict and judgment for defendant, and plaintiffs appealed.

I. It is insisted that the regulation of defendant, in conducting its business of carrier of passengers in this state, which excluded a woman from a car set apart for ladies, merely on account of color, was unreasonable, and was forbidden by the constitution and laws of the United States and of this state, and the court committed error in declaring otherwise in its instructions to the jury.

Whether this regulation, the facts being undisputed, was a reasonable one, was a question of law to be determined by the court, and, in submitting it as a question of fact to the jury, the court committed error. Rorer on Railroads, 227; *Railroad v. Whitemore*, 43 Ill. 420. If the regulation was a reasonable one, as a matter of law, and not in violation of plaintiff's rights, then the error was harmless, and should not reverse the judgment.

II. The real question relied upon by plaintiff was that the regulation and enforcement of it deprived her of certain personal rights which were enjoyed by others, and placed her under restraints which were not laid upon others, solely on account of her color and race, contrary to the constitution of the United States and the state of Missouri. The provisions of the constitution which plaintiff claims prohibit such a regulation

are the following clauses of the fourteenth amendment of the constitution of the United States, and section 3, article 1 of the constitution of Missouri of 1865 then in force: The former provides "that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." The latter provided, "that no person can on account of color * * * be subjected in law to any other restraints or disqualifications in regard to any personal rights than such as are laid upon others under like circumstances."

In regard to the foregoing clause of the constitution of the United States, it has been held that it does not undertake to confer new rights, nor does it undertake to regulate individual rights. It is simply prohibitory of state legislation. "Individual invasion of individual rights is not the subject-matter of the amendment." *Civil Rights Cases*, 109 U. S. 3; *Younger v. Judah*, 111 Mo. 303.

The legislature had not undertaken to regulate railroads in the manner of carrying passengers in the state, and the provision of the state constitution, *supra*, certainly does not undertake to deny to colored persons the equal protection of the laws.

III. A railroad corporation as a common carrier has no right to make unjust discrimination against any passenger, whatever his color, race or sex, and any regulation which would have unjustly discriminated against plaintiff, on account of her color alone, would have been contrary to the principles of the common law, as well as to the said provision of the constitution. If the regulation was reasonable and just, no rights guaranteed her were denied.

The civil rights to which plaintiff as a passenger was entitled from defendant as a carrier, was a carriage in a car in which accommodations, safety and protec-

tion were afforded her equal to what was afforded other passengers paying the same fare. It is said in *Younger v. Judah, supra:* "We believe it is conceded on all hands that a common carrier of passengers may make and enforce reasonable rules for seating passengers; and it has been held that such a carrier, in the absence of any statute to the contrary, may separate white and black passengers in a public conveyance, as a railroad car," citing *Railroad v. Miles,* 55. Pa. St. 209.

In speaking of the rules almost universally adopted by carriers of. separating passengers into classes and providing different parts of the conveyance for them, a distinguished writer says: "No legal right is thereby denied and no one can therefore complain. Provision is accordingly made for such a separation almost universally by steamboats and railway carriers, and the necessary regulations to enforce it are adopted and such regulations have been held to be not only lawful but highly commendable." Hutchinson on Carriers [2 Ed.] sec. 542.

The right of a carrier to provide separate accommodations for colored passengers is recognized in the opinion of Justice CLIFFORD in case of *Hall v. DeCuir,* 95 U. S. 485.

Statutes of Tennessee and Mississippi, permitting the separation of white from black passengers where equal accommodations were afforded, and rules of carriers in accordance with such statutes, were held reasonable by the supreme courts of said states. *Railroad v. Wells,* 85 Tenn. 614; *Railroad v. State,* 66 Miss. 670. In the first of these cases the court say: "We know of no rule that requires railroad companies to yield to the disposition of passengers to arbitrarily determine as to the coach in which they take passage." In another case the same court in speaking of a regulation setting apart a car for ladies, say: "A passenger may not

dictate where he will sit or in which car he will ride. If he is furnished accommodations equal in all respects to those furnished other passengers on the same train he cannot complain.'' See also 2 Rorer on Railroads, 969; *Houck v. Railroad*, 38 Fed. Rep. 226; *McGuinn v. Forbes*, 37 Fed. Rep. 639; *Day v. Owen*, 5 Mich. 520.

While the instructions only required defendant to furnish plaintiff a seat in a car which was reasonably safe, commodious and comfortable, the evidence shows without conflict, we think, that the car in which she was requested to ride was equal in these accommodations to the one in which she insisted on riding, and whether the instructions required less in the way of accommodations than the law entitled her to it is not necessary to inquire.

We do not think the regulation complained of deprived plaintiff of any of the civil rights guaranteed to her under the constitution of this state then in force, and the judgment should be and is affirmed. All concur.