HAMMER v. THE STATE OF INDIANA.

[No. 21,406. Filed November 23, 1909.]

1. NEW TRIAL.—Motion in Arrest.—Relative Time of Filing.—Criminal Law.—The filing of and procuring a ruling on a motion in arrest of judgment cut off the right to move for a new trial, unless the causes for a new trial did not exist, or were not known, at the time of the filing of the motion in arrest. p. 201.

2. STATUTES.— Repeal.— Criminal Code.— Wrongfully Wearing Badge of Secret Orders.—The act of 1891 (Acts 1891, p. 340, §§2717, 2718 Burns 1908), making it a crime for a person not entitled thereto to wear a badge, uniform, or emblem of a secret society, was not repealed by the criminal code of 1905 (Acts 1905, p. 584). p. 202.

3. CONSTITUTIONAL LAW.—14th and 15th Amendments to Federal Constitution.—Operation of.—The 14th and the 15th amendments to the federal Constitution operate on the acts of the states, and not on the acts of individuals; and the privilege and immunity clauses apply only to federal rights, the provisions being satisfied if all persons similarly situated are similarly treated. p. 202.

4. WORDS AND PHRASES.— "Privilege."— "Immunity."— The words "privilege" and "immunity" are synonymous, and import a right, or favor, granted. p. 202.

5. CONSTITUTIONAL LAW.— Right to Wear Badges.— The federal Constitution grants affirmatively to no person a right to wear the badge of a secret society. p. 203.

6.   CONSTITUTIONAL LAW.—*Forbidding the Wearing of Badges.—
Secret Societies.*—The act of 1891 (Acts 1891, p. 340, §§2717, 2718
Burns 1908), prohibiting persons who are not members of secret
societies from wearing the badges thereof, does not confer any
right, exemption or privilege.   p. 203.

7.   CONSTITUTIONAL LAW.—*Right to Wear Badges of Secret Socie-
ties.*—The regulation of the wearing of badges of secret societies
is a matter for the State in the exercise of its police powers.
p. 203.

8.   STATUTES.—*Valid in Part.—Separable.—Right to Question.*—The
defendant cannot raise the constitutional validity of a separate
provision of the statute under which he is prosecuted, where that
part of the statute can be separated from the remainder and sus-
tained.   p. 204.

9.   WORDS AND PHRASES.—*"Creed."—Constitutional Law.*—The word
"creed," as used in article 1, §4, of the state Constitution, imports
a formal declaration of religious belief.   p. 204.

10.   CONSTITUTIONAL LAW.—*Statutes.—Prohibiting Wrongful Wear-
ing of Badges.—Preferences.*—The act of 1891 (Acts 1891, p. 340,
§§2717, 2718 Burns 1908), prohibiting the wearing of badges of
secret societies by those who are not members, is not in violation
of article 1, §4, of the state Constitution, providing that "no prefer-
ence shall be given, by law, to any creed," etc.   p. 205.

11.   CRIMINAL LAW.—*Wrongful Wearing of Badges.—Cheats.—False
Pretense.—False Personation.*—The act of 1891 (Acts 1891, p. 340,
§§2717, 2718 Burns 1908), prohibiting the wearing of badges of
secret societies by those who are not members, is in the nature of
the prohibiting of a "cheat," and is closely related to the statutes
against false pretense, and false personation.   p. 206.

12.   CONSTITUTIONAL LAW.—*Equal Privileges.—State Constitution.—
14th Amendment.*—The 14th amendment operates to prevent the
states from abridging the rights of citizens of the United States,
and article 1, §23, of the state Constitution prevents the granting
of class privileges.   p. 206.

13.   CONSTITUTIONAL LAW.— *Local Laws.— Wrongful Wearing of
Badges.*—The act of 1891 (Acts 1891, p. 340, §§2717, 2718 Burns
1908), prohibiting the wearing of badges of secret societies by
persons who are not members thereof, is not in violation of article
4, §22, of the Constitution, forbidding, among other things, the
passage of local or special laws.   p. 207.

14.   CONSTITUTIONAL LAW.—*Statutes.—Wearing of Badges.*—The
legislature has power to prohibit a person who is not a member
of a secret society from wearing the badge of such society.   p. 207.

From Criminal Court of Marion County (37,384) ; *James
A. Pritchard,* Judge.

Hammer *v.* State—173 Ind. 199.

Prosecution by The State of Indiana against Charles L. Hammer. From a judgment of conviction, defendant appeals. *Affirmed.*

*G. R. Estabrook* and *Elmer Marshall,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MYERS, J.—Under the provisions of the act of March 7, 1891 (Acts 1891, p. 340, §§2717, 2718 Burns 1908), appellant was, on July 22, 1908, charged, by affidavit, with unlawfully wearing the badge and emblem adopted by an incorporated secret society of the State, he at the time not being a member of the society, and was convicted and fined.

Appellant's contention is that this act was repealed by the criminal code of 1905 (Acts 1905, p. 584), by being omitted from that act, and that the act of 1891 is obsolete, and if not, it is unconstitutional, being in violation of the 14th amendment to the federal Constitution, which says that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," of article 1, §4, of the state Constitution, which declares that "no preference shall be given, by law, to any creed," of article 1, §23, of the state Constitution, which is as follows: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens," and of article 4, §22, of the state Constitution which says that "the General Assembly shall not pass local or special laws," etc.

The sufficiency of the affidavit is the only question properly presented. Any question depending for presentation upon the motion for a new trial was waived by filing and procuring a ruling on a motion in arrest of judgment before filing the motion and causes for a new trial, there being no showing either of a cause not existing or not known when the motion in arrest was filed. *Yazel* v. *State* (1908), 170 Ind. 535, and cases cited.

The point made by appellant, that the act of 1891, *supra,* is not in force, because it is omitted from the act of 1905, *supra,* and was repealed by that act, as being within 2. its purview, has been decided adversely to appellant. *Clark* v. *State* (1908), 171 Ind. 104. It is not pretended that the subject is embodied in the act of 1905, *supra,* and we are unable to discover any provision which would bring the act of 1891, *supra,* within its purview, and none is pointed out or suggested.

Both the 14th and the 15th amendments to the federal Constitution are held to operate on state actions, and not on individual actions, and the privilege and immunity 3. clause applies to privileges and immunities arising out of the nature and essential character of the federal Government, and granted or secured by the Constitution, and the provision of the federal Constitution is satisfied if all persons similarly situated are treated alike in privileges conferred or liabilities imposed. *Hodges* v. *United States* (1905), 203 U. S. 1, 27 Sup. Ct. 6, 51 L. Ed. 65; *Field* v. *Barber Asphalt Pav. Co.* (1904), 194 U. S. 618, 24 Sup. Ct. 784, 48 L. Ed. 1142; *Duncan* v. *Missouri* (1894), 152 U. S. 377, 14 Sup. Ct. 570, 38 L. Ed. 485.

In the case of *Hodges* v. *United States, supra,* there was a dissenting opinion, but in the extended review of the cases by Mr. Justice Harlan there is no indication of any dissent from the proposition that the immunity or privilege must be such as is derived from, or dependent upon, the Con- 4. stitution. "Immunity" and "privilege" are synonymous terms; and mean a right conferred peculiar to some individual or body; a favor granted; a special privilege; in short, an affirmative act of selection of special subjects of favors, not enjoyed by citizens in general, under the federal Constitution. *Long* v. *Converse* (1875), 91 U. S. 105, 23 L. Ed. 233; *Slaughter-House Cases* (1872), 16 Wall. 36, 21 L. Ed. 394; *Ex parte Levy* (1884), 43 Ark. 42, 51 Am. Rep. 550; *Lawyers Tax Cases* (1875), 64 Tenn. 565; *Harri-*

*son, Pepper & Co.* v. *Willis* (1871), 63 Tenn. 35; *Lonas* v. *State* (1871), 59 Tenn. 287; *International Trust Co.* v. *American, etc., Trust Co.* (1895), 62 Minn. 501, 65 N. W. 78, 632; *Dike* v. *State* (1888), 38 Minn. 366, 38 N. W. 95; *Douglass* v. *Stephens* (1821), 1 Del. Ch. 465; *Van Valkenburg* v. *Brown* (1872), 43 Cal. 43, 13 Am. Rep. 136; *North River Steam Boat Co.* v. *Livingston* (1824), Hopk. Ch. (N. Y.) 170; *Territory* v. *Stokes* (1881), 2 N. M. 161; *State* v. *Betts* (1854), 24 N. J. L. 555; *Guthrie Daily Leader* v. *Cameron* (1895), 3 Okla. 677, 41 Pac. 635.

It can scarcely be urged that the right to wear a badge or emblem of a society of which a person is not a member is a right conferred by the Constitution or laws of the United States. The statute confers no right, exemption or privilege on any class or individual to do a thing denied to others as of common right, except it may be said negatively to authorize one who is a member of the society to wear a badge if he chooses, but prevents all who are not members from doing so. The Constitution and laws of the United States do not furnish, nor guarantee such right, nor can a person under them claim that right as a privilege, or that he shall be immune from regulation by the State, so far as the federal Constitution is concerned. It is simply the denial by the State, under its police power, of a claim of a right by appellant. It is the negation of a claim, and is a matter that concerns the State only.

In the *Civil Rights Cases* (1883), 109 U. S. 3, 3 Sup. Ct. 18, 27 L. Ed. 835, it was held that the 14th amendment did not control the conduct of private persons, but of the states, and was not applicable to a regulation by a private person for the conduct of his business, though of a *quasi*-public character. And it is held that the states may provide for separate schools, separate locations in theatres, and separate cars for white and colored people. *People, ex rel.,* v. *School Board, etc.* (1900), 161 N. Y. 598, 56 N. E. 81, 48

L. R. A. 113; *Chilton* v. *St. Louis, etc., R. Co.* (1893), 114
Mo. 88, 21 S. W. 457, 19 L. R. A. 269; *Younger* v. *Judah*
(1892), 111 Mo. 303, 19 S. W. 1109, 16 L. R. A. 558, 33 Am.
St. 527.

As appellant was charged with unlawfully wearing a
"badge or emblem" it is unnecessary that we should exam-
ine the statute as to any other of the prohibited acts;
for, even if the act were unconstitutional as to them,
it would not be considered, as it would be unneces-
sary to the decision of this cause, if the act is separable, and
the clause under which appellant is charged is valid. (*Hart*
v. *Smith* [1902], 159 Ind. 182, 58 L. R. A. 949, 95 Am. St.
280.) He could only present a question which invades his
rights. *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27;
*Harlan* v. *Schafer* (1907), 169 Ind. 1; *Wilkinson* v. *Board,
etc.* (1902), 158 Ind. 1; *State* v. *Gerhardt* (1896), 145 Ind.
439, 33 L. R. A. 313; *Wagner* v. *Town of Garrett* (1889),
118 Ind. 114.

If the act is valid in part, and separable, and capable of
being executed, the invalid part may be disregarded. *State*
v. *Barrett* (1909), 172 Ind. 169; *Smith* v. *McClain* (1896),
146 Ind. 77; *City of Indianapolis* v. *Bieler* (1894), 138 Ind.
30; *Henderson* v. *State, ex rel.* (1894), 137 Ind. 552, 24
L. R. A. 469.

Article 1, §4, of the state Constitution provides that "no
preference shall be given, by law, to any creed, religious so-
ciety, or mode of worship; and no man shall be com-
pelled to attend, erect, or support any place of
worship, or to maintain any ministry, against his
consent." This section is one of seven, in successive order,
all addressed to the one subject-matter—the complete di-
vorcement of State and Church, and the language of the
section itself indicates that as the object in view. The word
"creed" has a definite meaning, as a formal declaration of
religious belief. *Hale* v. *Everett* (1868), 53 N. H. 9, 16 Am.
Rep. 82.

An examination of that instructive case dicloses the close relation of Church and State, and the religious qualifications for participation in the affairs of government in the colonies and early states, even down to the adoption of the federal Constitution and the first amendment thereto, when the constitutional separation was made, which continued to be adopted as all the new states came in. Our own constitutional provision was manifestly adopted with the ordinary and usual meaning of the word "creed," as applied to religious belief, and just as manifestly having no reference to any other subject. It had no reference to benevolent, philanthropic or fraternal organizations, secret or otherwise, even though of a moral character, and even though it had, the statute under consideration does not profess to give them any preference, or require any one to become a member, or to contribute to the maintenance, of either. It is a matter of common knowledge that the membership in most, if not all, societies or organizations, whether secret or otherwise, is the result of fitness and selection, which give members standing and character, at least among their fellows, and to a greater or lesser degree with the public, and he who wears a badge or emblem of the order or society without being a member holds himself out to the public and to actual members as guilty of a false personation. It is of itself a deceit and a false pretense, and its object could be nothing else than deception, with possibly ulterior motives. It is evidence of the first act of an impostor in the course of a premeditated design to prey upon those who, from fraternal, charitable or sympathetic motives, become the victims of false personation, imposition and fraud, whether members of the society or not, and the object of the statute was the prevention of this species of fraud, not only in the interest of the members of the society, but of the public at large, who might be deceived through their good opinion of the society and its members. It is a

police regulation, pure and simple, upon grounds of public policy, directed against false personation and false pretenses of that particular kind. False pretenses need not be in words. At common law, "cheats," not amounting to a felony, are such as are effected by deceitful or illegal symbols or tokens which may affect the public at large, and against which common prudence could not have guarded, to the injury of one in some pecuniary interest. *Blanchard* v. *State* (1892), 3 Ind. App. 395; 2 Wharton, Crim. Law (10th ed.), §§1116, 1118, 1143-1152, 1158; 1 Bishop, Crim. Law (8th ed.), §571; 2 Bishop, Crim. Law (8th ed.), §§141-168.

The statute does no more than make a misdemeanor of that which at common law was indictable as a "cheat." It is independent of our statute as to false pretense and false personation. We had no statutes covering both, before this act was passed, and it is a modification of the rigors of those acts.

Article 1, §23, of the Constitution of this State is the antithesis of the 14th amendment to the federal Constitution, for while the latter operates to prevent abridgment by the states of constitutional rights of citizens of the United States, the former prevents the State from granting privileges or immunities—that is, exemptions from otherwise common burdens—or advantages to any citizens or class of citizens which, upon the same terms—that is under like circumstances and conditions—shall not equally belong to all citizens. One section prevents the curtailment of the constitutional rights of citizens, and the other prohibits the enlargement of the rights of some in discrimination against others; but so long as all are treated alike, under like circumstances, neither section is violated. *Cory* v. *Carter* (1874), 48 Ind. 327, 17 Am. Rep. 738; *Cumming* v. *Richmond County Board, etc.* (1899), 175 U. S. 528, 20 Sup. Ct. 197, 44 L. Ed. 262.

13. Appellant has not pointed out any ground of objection under article 4, §22, of the state Constitution, nor how it is involved in this action, and we perceive none.

It is argued by appellant that one may, without let or hindrance, so long as it is not done in an offensive way, dress or adorn himself as he pleases, and that any 14. curtailment of this right is against the spirit of our institutions. This contention is true in a modified sense. The modification is, that he may not adorn himself so as to represent himself to be one whom he is not, and thereby assume a status to which he is not entitled, and which affects the public to its detriment, or he may not, by a pretense through a badge or emblem, which only those who are commended by membership are supposed to wear, enjoy some right or privilege belonging to others. The legislative power and discretion to determine what shall constitute a crime or misdemeanor do not seem to have been overstepped. It can work no hardship to any one who is not falsely pretending and advertising himself to be different from what he is, precisely as the "cheat" at common law. We perceive nothing in the suggestion that the statute applies to secret societies only, but even if it does, it is not amenable to the objection urged by appellant.

The judgment is affirmed.