## ALLEN ET AL. *v.* STATE OF INDIANA.

[No. 22,680. Filed January 5, 1915. Rehearing denied March 10, 1915.]

1. CONSPIRACY.—*Sufficiency of Charge.*—In charging a conspiracy all the elements essential to establish the felony, the commission of which is the object of the conspiracy, must be as fully and particularly averred as in charging the commission of the felony alone. p. 45.

2. CONSPIRACY. — *Defrauding Insurance Company.* — *Affidavit.* — Where an affidavit alleging a conspiracy to defraud an insurance company by fraudulent representations as to the ownership of livestock insured, and by making false proofs of loss, was subject to no other inference than that the conspiracy charged was for the purpose of obtaining the money of the insurance company, it was not insufficient for failure to allege with certainty

the ownership of the money, the procurement of which was alleged to be the object of the conspiracy.   p. 46.

3.   INDICTMENT AND INFORMATION.—*Certainty.*—The certainty in alleging an element in a criminal charge need only be certain to a common intent.   p. 47.

4.   ARSON.—*Affidavit.*—*Sufficiency.*—An affidavit charging a conspiracy to commit arson with intent to defraud an insurance company, which charges the felony in the language of the statute, is sufficient.   p. 48.

From Daviess Circuit Court; *Joseph E. Henley,* Special Judge.

Prosecution by the State of Indiana against Van Allen and others.   From a judgment of conviction, the defendants appeal.   *Affirmed.*

*Gardiner, Tharp & Gardiner, Alvin Padgett* and *Leroy M. Wade,* for appellants.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, J.—This was a prosecution instituted by an affidavit in two counts made against appellants and Albert M. Perkins by the State fire marshal.   The first count purports to charge a felonious conspiracy to defraud an underwriter in fire insurance.   §§2643, 2647 Burns 1914, Acts 1905 p. 584, §§640, 641.   The second count purports to charge a felonious conspiracy to commit the crime of arson.   §§2260, 2647 Burns 1914, Acts 1905 p. 584, §§371, 641.   There was a jury trial which resulted in the acquittal of Perkins and a general verdict of guilty as charged by the affidavit as to appellants.   Judgment on the verdict was pronounced against appellants who were each fined $25 and sentenced to the State prison for an indeterminate period of from two to fourteen years.   Appellants duly filed a motion to quash each count of the affidavit on the ground that neither stated facts sufficient to constitute a public offense and also a motion in arrest of judgment based on the same ground.   These motions were both overruled and these rulings of the court are assigned and relied on for reversal of the judgment.

The affidavit omitting the caption and jurat is as follows: "William E. Longley, being duly sworn and upon his oath, states that on the first day of September, 1912, at and in the County of Daviess and State of Indiana, the defendants, Daniel V. Wolfe, Van Allen, Albert M. Perkins and Perry Drake, did then and there, unlawfully, knowingly and feloniously, unite, combine, conspire, confederate and agree, one with the other for the unlawful, fraudulent and felonious object and purpose of knowingly making and causing to be made and causing to be presented, certain false and fraudulent representations as to the ownership and values of certain live stock and other articles of personal property, contained in certain applications for insurance to the Aetna Insurance Company of Hartford, Connecticut, for the object and purpose of then and there and thereby obtaining and procuring from said insurance company, the execution to said Allen of certain four policies of insurance on said live stock, and other articles of personal property, insuring said Allen against damages and loss by fire thereof, and for the unlawful, fraudulent and felonious object and purpose of knowingly making and presenting and causing to be made and presenting to said company by and through the defendants, Van Allen, Daniel V. Wolf, and one Frank Cosby, certain false and fraudulent claims and proofs of loss, all of which is hereafter more fully and particularly described for the fraudulent purpose and with felonious intent to obtain then and there and thereby, money from said company as insurance money on the insurance policies so issued as aforesaid by it to the defendant, Van Allen, and hereinafter mentioned. That to carry into effect and accomplish this object and purpose of said conspiracy, the said defendants on said date, did then and there, unite, combine, conspire, confederate and agree one with the other, and among themselves, to enter into and did then and there, enter into a carefully arranged, comprehensive and fraudulent scheme and plan, more particularly hereinafter described in detail;

that as a part of said fraudulent scheme and plan to carry into effect the object and purpose of said conspiracy, the said defendants purchased divers and different heads of live stock and other ·articles of personal property hereinafter mentioned, for small sums of money at divers places in said county, and at divers others places, for removal from said county, unknown to this affiant but known to said defendants, and caused said live stock and other articles of personal property to be placed in, housed and kept in a certain building commonly known as a barn in Daviess County, Indiana, and which belonged to defendant, Van Allen, aforesaid; that thereafter as a part of the same said fraudulent scheme and plan and to carry into effect and accomplish the object and purpose of said conspiracy, the said defendants did then and there, knowingly, and for the fraudulent purpose and with the felonious intent aforesaid, cause and procure the said Van Allen to make four certain applications to said company for insurance on said barn, live stock and other articles of personal property, and knowingly and with like fraudulent purpose and felonious intent did then and there, cause and procure the said Van Allen to make false and fraudulent representations in said application for said insurance as to the ownership and value of said barn, live stock and other articles of personal property, to wit:''

Here follow allegations of representations of the ownership by Van Allen and of the particular values of the various items of property as made in the applications for insurance.

''That the said defendants for the fraudulent purpose and with the felonious intent aforesaid, and in the furtherance of the objects and purpose of said conspiracy, knowingly caused and procured the said Van Allen to fix and state the ownership and values of property as aforesaid, for the corrupt and fraudulent purpose to deceive and mislead said insurance company as to the ownership and the actual values of the property valued by the said Van Allen as above stated; that further in pursuance of the aforesaid fraud-

ulent scheme and to promote and to accomplish the objects and purposes of said conspiracy, the said defendants, for the fraudulent purposes and with the felonious intention aforesaid, knowingly caused and procured the said Van Allen to secure from the said insurance company, on the applications aforesaid, the execution to him, said Allen, by said company, of four insurance policies to cover and insure the said barn, the said live stock and the said articles of personal property against loss or damage by fire.''

Here follow allegations showing the issuance of four different policies on dates set out to indemnify Allen from loss by fire in specific amounts on the various items of property before described to the aggregate of more than $4,000.

''That at the time said insurance company received said applications for said four policies of insurance and at the time said company acted upon said applications and executed said four policies of insurance to said Allen, said company had no knowledge whatever of the ownership and value of any of the said property embraced in and insured by any of the said policies except such knowledge as the said company obtained from the said statements and representations contained in the aforesaid applications from said Allen for insurance; that said company believed the said statements and representations made by the said Allen in said applications for insurance, as to the ownership and value of the property therein mentioned, to be true and relied upon the same as being true, and thus believing and relying upon said statements and representations to be true, and in full reliance thereon, executed said four policies of insurance to said Allen.''

Here follow allegations negativing the truth of the valuations placed on the items of property in the application for insurance and averments of their actual value showing that insurance had been procured for a sum grossly in excess of the actual value thereof, all of which it is averred defendants at the time well knew.

"That at the time said Allen made application to said insurance company for said insurance policies, as aforesaid, and at the time of issuance of said several policies aforesaid, he was not the sole owner of all the property embraced in and insured by said policies, except said barn and said hay, but that in truth and in fact, his codefendants had an interest in said property, but as to the nature and extent of that interest, this affiant is unable to state, but same is known to said defendants; that at the time said Allen made the aforesaid false and fraudulent statements and representations in said application for insurance as aforesaid, he made the said false and fraudulent statements, knowing at the time of making the same, that they were false and that said Allen made said false and fraudulent statements and representations while acting in concert with his said codefendants, and to carry into effect the object and purpose of the aforesaid conspiracy. That after said policies of insurance had been executed to said Van Allen by said insurance company as aforesaid, the said defendants, as a further part of said fraudulent general scheme and plan, and to promote and accomplish the objects and purposes of the said conspiracy with the false and felonious intent aforesaid, assembled and collected together all of said live stock and the other said articles of personal property so housed, kept and contained in said barn; that on the night of the 2nd day of February, 1913, all of said live stock and said other articles of personal property so insured as aforesaid, were contained in said barn, and the said defendants, for the purpose and object of carrying into effect and consummating the objects and purposes of the aforesaid conspiracy, did, on the night of said 2nd day of February, 1913, at and in said county and State, unlawfully, feloniously and maliciously, set fire to said barn and thereby cause said barn and all of the said live stock and other articles of personal property contained therein, as aforesaid, to be burned up and wholly destroyed by said fire, and the burning and destruction of said prop-

erty was done with the false and fraudulent purpose and with the felonious intent to cheat and defraud said insurance company out of the insurance money so placed on said articles of personal property, barn and said live stock aforesaid, in furtherance of said conspiracy aforesaid, to the damage thereof in the sum of $4,090.00; that, at the time said barn, said live stock and said other articles of personal property contained in said barn, were burned up and destroyed by fire as aforesaid, all of the said four policies of insurance, were then and there in full force and effect. That as a part of said fraudulent scheme and plan and to carry into effect the object and purpose of the said conspiracy, and with the fraudulent purpose and felonious intent to obtain said money from said company, as insurance money on said insurance policies as aforesaid, the same defendants did on the 18th day of March, 1913, at and in said county and State, knowingly prepare, make out and present to said company, certain false and fraudulent claims and proofs of loss concerning the loss by fire, of said live stock, barn and other personal property so insured, as aforesaid, by and through the defendants, Van Allen, Daniel V. Wolf and one Frank Cosby, and in said claim and proofs of loss so prepared, made out and presented, the said defendants, Van Allen, Daniel V. Wolf and said Frank Cosby, did, with said fraudulent and felonious intent, while acting in concert with the defendants, Perkins and Drake, in said conspiracy, then and there make false and fraudulent statements and representations, as follows, to wit: That the defendant, Van Allen, was the sole owner of each and all of said live stock, said barn, and said other personal property at the time of the insurance thereof, as aforesaid, and that the value of said live stock, barn and other personal property at the time of the insurance thereof, as aforesaid, and at the time of the destruction thereof, as aforesaid, and that the value of said live stock, barn and other personal property, when so burned, as aforesaid, were as follows, to wit:''

Here again are set out the various items of property and the respective values placed thereon.

"That each and all of said statements and representations, as to the ownership of said live stock, barn and other personal property so made, except as to the ownership of the said barn and hay, and each and all of said representations and statements as to the respective values of said live stock, barn and hay, as above set out in said claim and said proofs of loss, were then and there false and fraudulent, and so known to be false and fraudulent, by each and all of the defendants herein, in this, to wit: That said Van Allen, was not then and there the sole owner of said live stock, but that all of the other defendants had an interest therein, the extent and nature of which, is to this affiant, unknown, but known to all of said defendants."

Here follow averments appropriately negativing the truth of the values placed on the respective items of property and averring their true value.

"And affiant says that in the making out, preparing and presenting of said false and fraudulent claims and proofs of loss, as aforesaid, the same was all done with the false and fraudulent purpose and felonious intent to cheat and defraud said insurance company out of the insurance money as placed on said live stock, barn and personal property as aforesaid, in furtherance of the said general plan and scheme aforesaid. Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana".

"Second count. For a further and second count of said affidavit against the said Daniel V. Wolf, Van Allen, Albert M. Perkins and Perry Drake be it known that this affiant, William E. Longley, upon his oath says that on or about the 1st day of September, 1912, at and in the county of Daviess, and State of Indiana, said defendants, did, then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the

object and purpose and with the felonious intent to then and there feloniously, wilfully and maliciously, set fire to and burn a certain building, commonly called a barn, then and there situate, and then and there property of the defendant, Van Allen, of the value of $500.00, upon which barn there was then and there a policy of fire insurance in full force and effect, for $800.00, which had then and there been issued to the said Van Allen against loss and damage by fire, by the Aetna Insurance Company, of Hartford, Connecticut, with the intent feloniously and unlawfully to defraud said insurance company and said defendants did, then and there feloniously, unlawfully and maliciously, burn and destroy said barn in pursuance of the said conspiracy to the damage thereof, in the sum of $500.00, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana.''

The felony which the first count of the affidavit charged defendants with conspiring to commit is defined by §2643, *supra*, as follows: ''Whoever shall knowingly make any false or fraudulent representation in or with reference to any application for insurance, or present, or cause to be presented, any false or fraudulent claim with intent to obtain any money or benefit in, to or from any corporation, association or society transacting insurance or indemnity business of any kind; or whoever shall prepare, make or subscribe any /* * * proof of loss, or other * * * paper or writing with intent to present or use the same, or allow it to be presented or used in support of any such claim, shall, on conviction, be fined not more than one thousand dollars, to which may be added imprisonment in the state prison not less than one year and not more than three years''.

Counsel for appellants correctly contend that the rule is that in charging a conspiracy, all the elements essential to establish the felony, the commission of which is the

1. object of the conspiracy, must be as fully and particularly averred as in charging the commission of the

felony alone. And they contend that the first count of the affidavit before us violates this well-established rule in that it does not aver the ownership of the money the procurement of which is alleged as the object of the conspiracy. The first count of the affidavit is long and perhaps might well have been stripped of some useless verbiage. Some of its averments,—indeed that relating to the ownership of the money alleged to be sought by the conspiracy,—might be subject to criticism if tested by the fine technicality of the old common-law rules. But we have set the affidavit out substantially in full, a thing which would otherwise be an extravagant and inexcusable waste of space, in order to show by a general view of its allegations that any mind, simple or complex, could reach but one conclusion therefrom as to the purpose of the conspiracy and the steps taken in carrying it out. That single purpose was to obtain the money of the insurance company to the amount which it had contracted to pay, in the policies fraudulently obtained from it, in case loss should occur through the destruction of the property described therein. There is not room in the allegations for an inference of any other meaning in the language used. Indeed the language used does not present a fair basis for a contrary speculation. After the general averment of the conspiracy, substantially in the words of the statute, to obtain a large and fraudulent insurance from a named company and to present fraudulent proofs of loss thereunder it is averred that this was "with the fraudulent purpose and with the felonious intent to obtain then and there and thereby, money from said company as insurance money on the insurance policies so issued as aforesaid". Farther along in the particular averments in relation to the execution of the steps in the carrying out of the conspiracy, after alleging the felonious destruction of the property insured by fire caused to be set by appellants, it is alleged that this was done "with the false and fraudulent purpose and with the felonious in-

tent to cheat and defraud said insurance company out of the insurance money so placed on said articles of personal property, barn and live stock aforesaid, in furtherance of the said general plan and scheme of said conspiracy aforesaid, to the damage thereof in the sum of $4,090'', the aggregate amount of the insurance specified in the policies. In connection with the particular allegations as to the presentation of the fraudulent proofs of loss in furtherance of the alleged conspiracy, it is alleged that it was with the purpose and intent ''to obtain said money'', that is, the $4,090 just before mentioned, from said company, ''as insurance money on said insurance policies as aforesaid''. And finally at the conclusion of the first count it is alleged ''that in making out, preparing and presenting of said false and fradulent claims and proofs of loss, as aforesaid, the same was all done with the false and fraudulent purpose and felonious intent to cheat and defraud said insurance company out of the insurance money as placed on said live stock, barn and personal property as aforesaid''. These allegations, while lacking something in nice exactness, unequivocally show that the object of the conspiracy was to obtain the amount which the insurance company had contracted to pay out of its funds, money of the insurance company and no one else. The certainty in alleging an element in a criminal charge need not be greater than in a civil action. The allegations need only be certain to a common intent. We are under no obligations to place on the affidavit before us a construction of uncertainty in the particular under consideration induced by what has aptly been termed ''the inability of the seventeenth century common law to understand or accept a pleading that did not exclude every misinterpretation capable of occurring to intelligence fired with a desire to pervert.'' *Paraiso* v. *United States* (1907), 207 U. S. 368, 28 Sup. Ct. 127, 52 L. Ed. 249. See, also, *Agar* v. *State*

(1911), 176 Ind. 234, 244, 245, 94 N. E. 819; *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130.

The claim is also advanced that the felony which is the object of the conspiracy charged by the second count is not sufficiently charged in that the manner and the means of committing it are not fully stated and that it also should state a purpose in the commission of the felony of securing money of the insurance company from it. The count is not vulnerable in either particular. The statute relating to the felony of arson §2260, *supra,* as it is involved in the second count provides: ''Whoever wilfully and maliciously burns or attempts to burn any dwelling house or other buildings, \* \* \* the property so burned \* \* \* being insured against loss or damage by fire, and the burning \* \* \* being with intent to prejudice or defraud the insurer, is guilty of arson''. The second count clearly charges the felony in the language of the statute and is sufficient. *Hart* v. *State* (1914), 181 Ind. 23, 103 N. E. 846, and cases there cited; *State* v. *Closser* (1913), 179 Ind. 230, 238, 99 N. E. 1057, and cases there cited; *State* v. *Miller* (1884), 98 Ind. 70, 72.

No error is shown and the judgment is affirmed.

NOTE.—Reported in 107 N. E. 471. As to what constitutes the crime of conspiracy and evidence in prosecution therefor, see 3 Am. St. 474. Indictment for conspiracy to defraud, see 21 Ann. Cas. 34. See, also, under (1) 8 Cyc. 663; (2) 8 Cyc. 664; (3) 22 Cyc. 295; (4) 8 Cyc. 662.