## WILKOFF *v.* STATE OF INDIANA.

[No. 26,049. Filed May 18, 1933. Rehearing denied January 30, 1934.]

*Oscar Jay* and *Hawley O. Burke,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* Special Assistant Attorney-General, for the State.

FANSLER, J,—The appellant was tried upon an affidavit in two counts. The first count charged violation of section 2881, Burns Ann. Ind. Stat. 1926 (§10-2113, Burns 1933, §2908, Baldwin's Ind. Ann. Stat. 1934). The second count charged conspiracy to violate the same section  There was a verdict and judgment of guilty of the offense charged in the first count.  The first count of the affidavit, omitting the caption and the documents set out therein, is as follows:

"JOHN M. WEAVER, swears that on or about the 1st day of April, 1930, and on divers other days during a period of five months prior thereto, at the County of Elkhart and State of Indiana, one FRED WILKOFF, PHELAN WOLF, MARTIN KRAMER, alias Martin Tesmer, JOHN MO-LESKI, MEYER BOGUE, alias Meyer Borg, alias Meyer Fox, FRED PONCHER, ABRAHAM PON-CHER, JOHN DOE, true name unknown, and RICHARD ROE, true name unknown, did then and there knowingly, unlawfully and fraudulently prepare, make, and subscribe certain false affidavits, proofs of loss, papers and writings, which are in the words and figures as follows, to wit: with the intent to present and use the same, and allow the same to be presented to the Southern Surety Company of New York, a corporation transacting insurance and indemnity business, and to be used in support of a claim and claims for an alleged loss of Fred Wilkoff and Phelan Wolf, doing business as Wright's, against the said surety company, and said defendants did then and there knowingly,

unlawfully and fraudulently present and cause to be presented to the Southern Surety Company of New York and to Rollo S. Stryker as an authorized agent of said surety company, at the City of Elkhart, said County of Elkhart, and State of Indiana, said false affidavits, proofs of loss, papers and writings in support of said false and fraudulent claims against the said Southern Surety Company of New York for the payment to Fred Wilkoff and Phelan Wolf, doing business as Wright's, of a certain pretended loss by robbery, by the said Southern Surety Company of New York, wherein and whereby the said Fred Wilkoff and Phelan Wolf, doing business as Wright's, did claim of the said surety company and did endeavor to compel said surety company to pay them the sum of $334.65 and the sum of $10,583.02, lawful money of the United States, on account of a certain contract of insurance against robbery theretofore executed by the said Southern Surety Company of New York in favor of the said Fred Wilkoff and Phelan Wolf, doing business as Wright's, the same being Policy Number CR-702-501148, for a certain pretended loss of money and personal property belonging to the said Fred Wilkoff and Phelan Wolf, doing business as Wright's alleged to have been stolen by robbers in a hold-up and robbery at about eight o'clock A. M. on the 27th day of January., 1930; while in truth and in fact said money and property were not stolen in said alleged robbery as set forth in said proofs of loss, claims, papers, writings, and false affidavits, but were in truth and in fact secreted and converted to the use of the defendants for the purpose and with the object of defrauding said surety company, all with the unlawful intent then and there and thereby to swindle and defraud said insurance company, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The sufficiency of this count of the affidavit to state an offense under the statute, is questioned by a motion to quash and a motion in arrest of judgment.

The appellant says in his brief:

"If the claim was not presented or caused to be presented by appellant, or if the claim presented was not false or fraudulent, or if the party against whom the claim was presented was not a corporation or association, or if the claim was presented to a corporation or association that was not transacting insurance or indemnity business of any kind, or if the claim was presented outside the boundaries of this state, or if the money sought to be obtained belonged to appellant, there was no offense under this statute. Each and every one of these six situations might exist in spite of every positive and direct allegation of this affidavit."

We cannot agree.

It was said by this court in the case of *Allen et al.* v. *State of Indiana* (1914), 183 Ind. 37, 107 N. E. 471:

"The certainty in alleging an element in a criminal charge need not be greater than in a civil action. The allegations need only be certain to a common intent. We are under no obligations to place on the affidavit before us a construction of uncertainty in the particular under consideration induced by what has aptly been termed 'the inability of the seventeenth century common law to understand or accept a pleading that did not exclude every misinterpretation capable of occurring to intelligence fired with a desire to pervert.' *Paraiso* v. *United States* (1907), 207 U. S. 368."

The affidavit, including as it does the documents which were alleged to have been prepared and presented, is susceptible of only one construction. It sufficiently charges the offense. *Musgrave* v. *State* (1892), 133 Ind. 297, 32 N. E. 885.

It is also contended that the statute is unconstitutional and void because in violation of section 1, article 14 of the Constitution of the United States, and of section 23, article 1 of the Constitution of Indiana, "in that it extends a protection to corporations, associations and societies transacting insurance and indemnity business that is withheld from and

denied individuals, firms and co-partnerships similarly situate and engaged in the same business."

Appellant's position is remarkable. It is his contention that the Constitution protects him from punishment for doing the thing which is inherently wrong, and which is declared to be wrong by statute, for the reason that if he had wronged an individual in the same manner he could not have been punished under this statute.

Almost the identical question was before the United States Supreme Court, involving a statute of the state of New York which made it a felony to receive metals belonging to a railroad company or other public utility. It was held that the enactment did not violate the Federal Constitution, and that it is not necessary that the entire field of criminal legislation be covered in a single enactment. *Rosenthal* v. *New York* (1912), 226 U. S. 260, 33 S. Ct. 27.

The same reasoning applies to the constitutionality of this statute under section 23, article 1 of the state Constitution.

Criminal statutes are enacted primarily in the interests of the state, and any private benefits derived therefrom are incidental. Every presumption must be indulged in favor of the constitutionality of the act. The legislature evidently believed the classification advantageous. It cannot be said to be unreasonable, and appellant does not point out wherein it deprives any person of a substantial right, or confers an immunity upon any one. *Hammer* v. *State* (1909), 173 Ind. 199, 89 N. E. 850.

Instruction No. 1, given by the court on its own motion, purports to state the "substance" of the charge in the affidavit. In fact, it was a verbatim copy of the first count, except the documents set out therein and the words "by the said Surety Com-

pany of New York," after the word "robbery." It was only intended as a description of the pleading. The appellant complains that the instruction does not state to the jury just what the "affidavits, proofs of loss, papers and writings" consist of as set out in the affidavit; and that the court omitted the words "by the Southern Surety Company of New York," in order to give the affidavit a liberal interpretation in favor of the state. The evidence is not before us, and we will not consider the instructions erroneous if they would have been correct under the issues upon any supposable state of evidence. *McIntosh* v. *State* (1898), 151 Ind. 251, 51 N. E. 354.

Appellant does not contend that the evidence was insufficient to support the verdict. We must assume, therefore, that the written instruments described in the first count of the affidavit were introduced in evidence and were before the jury. The burden is upon the appellant to show that he was harmed by the giving of the instruction. If he had brought the evidence here and it appeared that written instruments other than the ones described in the affidavit had been introduced in evidence, or that there was evidence of some other company than the one referred to in the affidavit having been involved so that the jury might have been misled, the instruction might have been considered harmful, but as the record appears there is no showing that he was harmed by the instruction.

Instruction No. 14 informed the jury that the testimony concerning the appellant's good reputation for honesty and integrity should be considered with all of the other evidence in determining his guilt or innocence, and that if the evidence as to his good reputation for honesty and integrity created a reasonable doubt as to his guilt, he could not be con-

victed. The appellant contends that by this instruction the court inferred that the evidence, aside from the evidence of defendant's good character, shows that the defendant is guilty. We cannot see that the instruction is open to this objection.

By Instruction No. 15 the court told the jury that the evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of other witnesses. The instruction is substantially the same as Instruction No. 14 set out and approved in the case of *Adams* v. *State* (1923), 194 Ind. 512, 518, 141 N. E. 460.

The appellant contends that the opinion in the case of *Kleihege* v. *State* (1931), 177 N. E. 60, supports his contention that this instruction does not state the law. In this he is in error. This latter case is not in disagreement with the case of *Adams* v. *State, supra,* or the many other decisions of this court upon the subject.

Instruction No. 1, requested by the appellant and refused, is as follows:

"The jury are instructed as follows: The jury in a criminal case are, by the statute of Indiana, made judges of the law and evidence; and under these statutes it is the duty of a jury, after hearing the arguments of the counsel and instructions of the court, to act upon the law and facts, according to their best judgment of such law and such facts."

The instruction is inaccurate, since it is the constitution and not the statute which gives the jury the right to determine the law and the facts. The court on its own motion instructed the jury as follows:

"You are the exclusive judges of all questions of fact in the case, and you may also determine the law for yourselves."

The constitutional provision is: "In all criminal cases whatever the jury shall have the right to determine the law and the facts."

While the instruction given by the court is shorter than the one refused, it sufficiently informed the jury of the law. The statements in the refused instruction, that it was the duty of the jury after hearing the argument of counsel and the instructions of the court to act upon the law and the facts, added nothing to the weight of the instruction.

The appellant tendered many instructions upon the subjects of reasonable doubt, the burden of proof, and the presumption of innocence. In the instructions given on its own motion, the court fully and fairly covered the subjects. It is not necessary that the rules of law covering these subjects be given in every form that the ingenuity of counsel has devised. It is sufficient if the jury is informed in language by which the ordinary person can understand the rules of law covering the subjects.

By Instruction No. 21 the appellant sought to have the jury instructed that where any of the witnesses for the prosecution were induced or influenced to become witnesses and testify by a promise or intimation of immunity, that fact should be considered by the jury in weighing their testimony. Appellant's tendered Instruction No. 28 was intended to advise the jury of the law where a conviction is sought upon circumstantial evidence alone. In the absence of the evidence we will assume that these instructions were refused because they were inappropriate under the facts. The remaining instructions tendered and refused were adequately covered by the court's instructions.

No other questions are presented and we find no error in the record.

Judgment affirmed