Stuttsman *v.* The State.

### STUTTSMAN *v.* THE STATE.

57 119
130 439
130 447

57 119
134 254

57 119
147 631

CRIMINAL LAW.—*Fish Law.*—*Affidavit.*—An affidavit filed before a justice of the peace charged, that, "on or about" a certain day in April, in a certain year, at a certain county in this State, the defendant "did then and there unlawfully take one fish, with a spear, in and from" a certain river.

*Held,* that the affidavit is sufficient.

SAME.—*Constitutional Law.*—The act of February 22d, 1871, (2 R. S. 1876, p. 481,) "for the protection of fish," etc., is constitutional.

From the Elkhart Circuit Court.

*J. A. S. Mitchell* and *H. D. Wilson,* for appellant.

*C. A. Buskirk,* Attorney General, and *W. C. Glasgow,* Prosecuting Attorney, for the State.

PERKINS, C. J.—The following affidavit was made:

"State of Indiana, Elkhart county, sct.: Before me, Elbridge G. Chamberlain, a justice of the peace for said county, came Jacob Stuttsman, who, being duly affirmed according to law, deposeth and saith, that on or about the 25th day of April, in the year 1876, at the county of Elkhart, and State of Indiana, Abraham Stuttsman, late of said county, did then and there unlawfully take one fish, with a spear, in and from the Elkhart river, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State of Indiana.

"JACOB W. STUTTSMAN.

"Subscribed and sworn to before me this 10th day of May, 1876.　　　　　E. G. CHAMBERLAIN,

[SEAL.]　　　　　　　　　　　　　"J. P."

The defendant had a trial before the justice, and was fined five dollars.

He appealed to the circuit court.

In that court, a motion was made to quash the affidavit, but no cause therefor was specified. The motion was overruled; whereupon the cause was tried by a jury, verdict for the State, and a fine imposed upon the defendant of five dollars.

A motion for a new trial was interposed, alleging that the verdict was not sustained by the evidence, and was contrary to law. The motion was overruled, and exception taken. The evidence is not in the record. A motion in arrest followed, alleging the insufficiency of the affidavit, which motion was also overruled, and exception taken. Appeal to this court.

The overruling of the motions above enumerated is here assigned for error.

We have a statute, enacting "That no person shall take any fish with a net, seine, gun, or trap of any kind, or set net, weir or pot, in any of the lakes, ponds, rivers, and small streams in this State, except as hereinafter provided. No person shall take any fish with a gig or spear during the months of March, April, May, November and December. Any person violating the provisions of this section, shall be subject to a fine for each fish so taken, [of?] not less than five nor more than twenty-five dollars: *Provided,* That the penalty in this section shall not be enforced against persons catching small minnows for bait with seines," etc. 2 R. S. 1876, p. 481, sec. 1.

This is all of the fish law that has any bearing upon the case before us.

It provides, that any person who takes a fish with a spear, in any of the rivers of this State, during the months named in the statute, shall be fined not less than five dollars, etc.

The defendant, in one of the months within which it was unlawful so to do, did, as we must presume in the absence of the evidence on which he was convicted, take a fish, with a spear, in and from one of the rivers of this State, with which offence he was properly charged in the affidavit on which he was prosecuted.

He violated the law and incurred its penalty.

His case does not fall within the proviso in the section copied. The fish law is constitutional and valid. *Gentile* v. *The State*, 29 Ind. 409 ; *The State* v. *Boone*, 30 Ind. 225.

We see no alternative left us but to affirm the judgment of the court below.

Judgment affirmed, with costs.