No. 16,191.

## THE STATE *v.* LEWIS.

STATUTE CONSTRUED.—*Criminal Law.*—*Section 2, Acts 1889, p. 103, Constitutional.*—*Seine or Gill Net in Possession.*—Section 2 of an act approved March 5, 1889, making it a misdemeanor for any person to have in his possession a gill net or seine (except a minnow net, etc.), is within the police power of the State, and is constitutional.

From the Lake Circuit Court.

*W. C. McMahan,* Prosecuting Attorney, *A. G. Smith,* Attorney-General, *A. C. Harris, L. A. Cox,* and *Fox* and *Robbins,* for appellant.

*T. J. Wood,* for appellee.

OLDS, J.—This was a prosecution by affidavit and information filed against the appellee in the Lake Circuit Court, charging the appellee with a violation of the statute making it a misdemeanor for a person to have in his possession a gill net or seine in certain cases, and prescribing the penalty therefor.

Section 2 of an act entitled "An act to amend section 209 of an act entitled 'An act concerning public offenses and their punishment,' approved April 14th, 1881, the same being section 2117 of the Revised Statutes of 1881, and declaring an emergency, approved March 5th, 1889," provides that: "Section 2 [p. 103]. [It is hereby declared a misdemeanor for any person to have in his possession any gill net or seine (except a minnow net, as prescribed in section 1 of this act, and except for use in Lake Michigan), and any one convicted of having such gill net or seine in his possession shall be fined not less than fifty dollars nor more than two hundred dollars for each offense, to which may be added imprisonment in the county jail for any determinate period, and every day's posses-

sion of such gill net or seine shall constitute a separate and distinct offense under this act: *Provided,* That the provision of this section shall not apply to persons who may have such nets or seines wholly for use in the St. Joseph river or in private ponds.''

The charge in the affidavit and information in this case is, ''That David Lewis, on the 8th day of April, A. D. 1891, at and in the county of Lake, and State of Indiana, did then and there unlawfully have in his possession a certain gill net, then and there being more than fifteen feet in length, and not then and there used by said David Lewis for catching minnows for bait, and not then and there being for use in Lake Michigan, and the said David Lewis not then and there having said gill net wholly for use in the St. Joseph river, or in private ponds, contrary to the form of the statute,'' etc.

The appellee moved to quash the affidavit, which motion was overruled. There was a trial before the court, and the appellee was found guilty, and his punishment fixed at a fine of $60.

Appellee moved in arrest of judgment, the court sustained the motion, the State excepted to the ruling, and prosecutes this appeal, assigning the ruling on the motion in arrest as error.

The motion in arrest was sustained on the grounds that the statute on which the prosecution is based, which we have quoted, is unconstitutional and void. As to whether or not the court erred in its ruling on the motion in arrest depends upon the validity or invalidity of the statute.

The sole question discussed relates to the constitutionality of the statute, no technical objection being urged to the formal allegations of the affidavit or information, and we discover none.

If the statute can be upheld, it must be on the theory

that it is a proper police regulation.   Many objections are urged against its validity, on behalf of the appellee, and we are afforded an able discussion of the question by the opinion of the judge who tried the cause, in support of his ruling, which is filed with, and made a part of, the brief of counsel for the appellee, but we are not inclined to agree with the views of the trial court as to the invalidity of the law.

One of the principal objections urged to the law is, that it deprives the citizens of a class or species of property, or the right to own and possess the same, which in itself is harmless, and in which of itself there is no inherent evil.

It is contended, that a seine is a legitimate specie of property, harmless in itself; that it may be manufactured from the same spool of thread that is used in stitching the garments we wear, and that it has lawful uses; that this law wantonly deprives one of the lawful uses and possession of such property; that it makes it unlawful to have it in his possession; that it prohibits the manufacture of seines for lawful purposes within the State, or for use beyond the limits of the State; that it even prohibits the transportation of them across the State by a common carrier, for it makes it unlawful to have one in possession.

The property described in this statute is adapted to a particular use.   "Gill net" is defined by Webster as "a flat net so suspended in the water that its meshes allow the heads of fish to pass, but catch in the gills when they seek to extricate themselves."   Webster also defines a "seine" as "a large net, one edge of which is provided with sinkers, and the other with floats.   It hangs vertically in the water, and when its ends are brought together or drawn ashore incloses the fish."   The Century dictionary defines "gill net" as "a net which catches

fish by the gills," specifically describing it, while the same dictionary defines a seine as "a fishing net," particularly describing it and the manner in which it is used.

This statute prohibits the use of gill nets and seines, except certain kinds or in certain waters. They are not a species of property adapted to any other use. The fact that they are made of material harmless in itself and valuable for other uses, does not change the right of the State to prohibit the use of or the possession of such material when woven into nets used solely for the purpose of catching fish at times and in waters prohibited by statute. The gill net and the seine are made and used exclusively for catching fish, trapping them, and catching them in large quantities. This method of catching fish the State has a right to prohibit, and if it has the right to so prohibit the catching, why has it not the right, also, to prohibit persons having an article of property in their possession used solely for such unlawful purposes ?

In *Gentile* v. *State*, 29 Ind. 409, it is held that the Legislature of the State has the power under the constitution to pass laws for the preservation of fish, by limiting the time and mode of taking them. In that case it is said: "Fish are *feræ naturæ*, and as far as any right of property in them can exist, it is in the public, or is common to all. No individual property in them exists until they are taken and reduced to actual possession. 2 Black. Com. 392. They are natives of the water; it is there they generate and live and grow, and no individual property in them can attach whilst they remain there free. But, as they are valuable for food, the public has an interest in their protection and growth." We think this states the true rule, and if, as here said, the public has an interest in their protection and growth, and the Leg-

islature has the right to prohibit their being taken from the water during certain seasons of the year and by certain means, then the Legislature has exclusive control over the matter, and may prohibit their destruction, and prohibit their being taken from the waters in any other manner than that prescribed by statute; for if the Legislature has any control over the subject it has full control, and is the exclusive judge as to the extent and manner in which they shall be lawfully taken from the water. *Jamieson* v. *Indiana Natural Gas and Oil Co.*, 128 Ind. 555; *Fry* v. *State*, 63 Ind. 552; *State, ex rel.*, v. *Kolsem*, 130 Ind. 434.

It does not absolutely prohibit a person having a gill net or seine in his possession. One may lawfully hold possession of either for the purpose of fishing in the waters of Lake Michigan or the St. Joseph river.

If the Legislature has the right to prohibit the keeping of a seine in one's possession at all, it may prohibit the keeping of a seine in his possession, although it may be lawful to fish with a seine in the Ohio river, as suggested by counsel that persons have the right to do. It is made unlawful to carry concealed weapons, and yet it would not be unlawful to use a weapon one had concealed in self-defense, even to the extent of taking the life of his adversary, though he might be liable for carrying concealed weapons. A law prohibiting the carrying of concealed weapons is not invalid because one has the right under certain circumstance in self-defense to take the life of his adversary. Laws prohibiting the carrying of concealed weapons have universally been held valid.

This court, in other decisions, has held a law valid which regulated the manner of taking fish from the waters of the State and prohibited their being taken at certain seasons of the year. *Stuttsman* v. *State*, 57 Ind. 119; *State* v. *Boone*, 30 Ind. 225.

A statute of New York prohibiting persons having in their possession game birds of certain specified kinds after a certain date, although killed at a time when the law permitted it, or brought from another State where there was no prohibition, was held valid. *Phelps* v. *Racey*, 60 N. Y. 10. Many other States have sustained like laws.

In Missouri, it was held that a law which prohibits the selling or keeping in one's possession of certain game, within a certain period of the year, is valid, even when applied to game imported from another State, and that such a law is not such a regulation of commerce as belongs exclusively to Congress. *State* v. *Randolph*, 1 Mo. App. 15.

To the same effect is the decision in *Maynor* v. *State*, 97 Ill. 320.

In Massachusetts it was held that the statute prohibiting persons having in their possession certain specified birds between certain days of the year, did not apply to birds in the possession of a person within the State lawfully taken or killed in another State. *Commonwealth* v. *Hall*, 128 Mass. 410.

To the same affect is the holding of the Supreme Court in the State of Michigan. *People* v. *O'Neil*, 71 Mich. 325. But the only difference in these decisions of the several States is in the construction of the statutes. They all hold such statutes valid, although some construe the statute to apply only to game killed within the State, the object of the law being to protect the wild game within the State. The statute of Michigan made the possession of the game *prima facie* evidence of the violation of the law by the person in whose possession it was found, and in speaking of this statute the court, in the latter case, said: "It was right and proper for the Legislature to cast the burden of proof upon those having such game in

their possession, when the killing is by law prohibited, and fully protects the State from its evasion.''

Statutes making it a criminal offense, in certain cases, to have counterfeit money, or dies, or tools for making counterfeit money, in one's possession, are universally held valid, though the material out of which they are constructed may be valuable for other purposes. See, also, *Mugler* v. *Kansas*, 123 U. S. 623; *Kidd* v. *Pearson*, 128 U. S. 1; *Kimmish* v. *Ball*, 129 U. S. 217.

In a matter over which the Legislature may properly exercise police power, it has the right to so exercise such power, although in doing so it affects the property rights of the citizens.

In *Lawton* v. *Steele*, 119 N. Y. 226 (234), the court said: "There are numerous examples in recent legislation, of the exercise of the legislative power to declare property held or used in violation of a particular statute, a public nuisance, although such possession and use before the statute was lawful."

In *Weller* v. *Snover*, 42 N. J. L. 341, a statute authorizing a fish warden, appointed by the Governor, to enter on lands and destroy a fish basket constructed in violation of the statute, was held valid.

That the Legislature may prohibit the taking of the fish from the waters within the State during certain seasons of the year, and may regulate the manner in which they may be taken during other portions of the year, we have no doubt; and, having such power, it but follows that it may adopt any reasonable method to prevent their being caught or taken from the water in a manner deemed by the Legislature improper.

It was evidently deemed by the Legislature improper to allow fish to be entrapped and taken from the waters of the State, except such as are excluded from the provisions of the act, by means of a gill net or seine during

The State *v.* Lewis.

any·season of the year, and that it was for the public good to prohibit the catching of fish by means of the gill net or seine, and for the purpose of effectually carrying out the intent of the Legislature, it made it a criminal offense for any person to have in his possession either of such nets, except he have the same for the purpose of use in waters named in the statute, and in which the use of the same were permitted, and we think the statute a valid enactment, and not within any constitutional inhibition.

It is suggested and held by the trial court, that the provision of the statute allowing an indefinite term of punishment by imprisonment, is invalid, but that such invalidity does not invalidate the whole statute. No imprisonment was imposed as a punishment in this case, hence we do not feel called upon to pass upon this provision. The clause of the statute providing for imprisonment is a separate one, and may be eliminated from the section without affecting the validity of the statute in any other respect. There is another penalty, complete in itself, provided in the statute, and if the portion providing for imprisonment be declared invalid, it would not affect the remainder, and is a complete and valid enactment independent of such clause.

It is possible that if it had been made to appear that the appellee had possession of the seine for some lawful purpose, he would not have been guilty under the statute, but no such question is here presented, and if it were, it would not affect the validity of the statute.

We therefore reach the conclusion that the statute is valid, and the court erred in sustaining the motion in arrest.

Judgment reversed, for further proceedings not inconsistent with this opinion.

Filed April 19, 1893.