## WILSON v. THE STATE.

[No. 18,282. Filed March 15, 1898. Rehearing denied April 21, 1898.]

From the Elkhart Circuit Court. *Affirmed.*

*John M. Van Fleet,* for appellant.

*William A. Ketcham,* Attorney-General, *M. R. McClaskey* and *C. W. Miller,* for State.

McCABE, J.—The appellant was prosecuted in the court below on affidavit and information charging him with forgery and obtaining money by false pretenses. On a trial of the issues by a jury, the defendant was found guilty as he stands charged in the information, and that he was of the age of thirty-four years. The circuit court rendered judgment on the verdict, over appellant's motion for a new trial, that the defendant be confined in the State prison for a period of not less than two years nor more than fourteen years on the second count in the information, being the forgery charged therein, and for not less than one year nor more than seven years on the third count, being for obtaining money under false pretenses.

This trial and conviction rest for their validity on what is commonly known as the "Indeterminate Sentence Law," approved March 8, 1897, applicable only to male offenders thirty years of age and over, guilty of felonies other than treason and murder in the first and second degrees. The sole questions presented by the record and assignment of errors are whether said act is constitutional and whether the record shows that the trial court erred in refusing a certain instruction asked by appellant.

As to the constitutionality of the act, the same objections are urged thereto as were urged to the constitutionality of the reformatory act in *Miller* v. *State,* 149 Ind. 607. The only material difference between the two acts is that the reformatory act applies to cases of male offenders between the ages of sixteen and thirty years who are guilty of a felony, and not guilty of treason or murder in the first or second degree, who are to be sent to the reformatory ; while the act now under consideration applies to male persons thirty years of age and over on trial for a felony which is punishable by imprisonment in the State prison, except treason and murder in the first and second degrees, who, on conviction, are to be sent to the State prison. In all other respects, so far as the constitutional question is concerned, the two acts are practically the same. On the authority, therefore, of *Miller* v. *State, supra,* we hold the act now in question not subject to any of the constitutional objections urged against either act, and that the act now under consideration is not unconstitutional, and is valid.

There was no error in the refusal of the instruction asked by appellant, as it directed the jury to disregard all evidence in support of certain specifications in the third count in the information, charging the defendant with obtaining money of George Alderman by means of false pretenses, namely, " that the defendant was the vice-president of the Murphy Printing Company, then doing business at No. 734 South State street, Chicago, Illinois ; that he the said C. W. Wilson, was then and there in his capacity of vice-president of said Murphy Printing Company, traveling for and representing the said Murphy Printing Company, and taking orders for said Murphy Printing Company." These representations and pretenses are charged to be false, and facts are alleged from which it appears that they were material, furnishing a reasonable ground for relying upon them, and inducing Alderman to part with his money. The judgment is affirmed.