## LONG *v.* THE STATE OF INDIANA.

[No. 21,670. Filed October 11, 1910. Rehearing denied December 15, 1910.]

1. APPEAL.—*Notice of.—Waiver.*—The filing of a brief on the merits constitutes a full appearance on appeal, and defects in the notice of appeal are thereby waived. p. 18.

2. INDICTMENT.—*Joint.—Several Motion to Quash.*—A motion by one joint defendant to quash the "affidavit filed against himself and others" is individual and does not seek to have the affidavit quashed as to the other defendants. p. 18.

3. CONSTITUTIONAL LAW.—*Local Laws.—Seining Fish.*—A statute regulating the taking of fish from all the streams of the State except the Ohio and Wabash rivers does not violate article 4, §22, of the Constitution forbidding the passing of local or special laws except in certain cases, nor does it violate article 4, §23, of the Constitution, requiring all laws so specified in article 4, §22, as well as all others, where possible, to be both general, and of uniform operation throughout the State. p. 19.

4. CONSTITUTIONAL LAW.—*Local Laws.—Taking Fish.—Exceptions.*—Section 2541 Burns 1908, Acts 1905 p. 584, §619, prohibiting the seining of fish in any streams of the State, excluding the Ohio and Wabash rivers, except portions thereof within one hundred yards of the mouth of any Indiana stream emptying into either river, does not violate the second provision of article 4, §22, of the Constitution, prohibiting the passage of local or special laws "for the punishment of crimes and misdemeanors," since such section does not prevent proper and reasonable classification of the acts which are denounced as offenses. p. 19.

5. CONSTITUTIONAL LAW.—*Special Privileges.—Seining Fish.*—Section 2541 Burns 1908, Acts 1905 p. 584, §619, prohibiting the seining of fish except in the Ohio and Wabash rivers, does not grant privileges to persons living along such rivers in violation of article 1, §23, of the Constitution, prohibiting the granting of unequal privileges or immunities. p. 21.

From Warren Circuit Court; *James T. Saunderson,* Judge.

Prosecution by The State of Indiana against Edward Long. From a judgment of conviction, defendant appeals. *Affirmed.*

*E. F. McCabe,* for appellant.

*James Bingham,* Attorney-General, *W. H. Thompson, A. G. Cavins* and *E. M. White,* for the State.

MONTGOMERY, J.—Appellant was convicted of taking fish from the Wabash river with a seine, in violation of §2541 Burns 1908, Acts 1905 p. 584, §619; and has assigned error upon the overruling of his motion to quash the affidavit.

Appellee challenges this court's jurisdiction over the appeal, for the reason that the notice of appeal is unsigned. No motion to dismiss has been filed, but on July 29, 1910, appellee filed its brief on the merits. The filing of this brief constituted a full appearance, and waived any question as to the form or sufficiency of the notice of appeal. *Schmidt* v. *Wright* (1882), 88 Ind. 56.

1.

This prosecution was directed against appellant and two other persons, and appellant moved to quash the "affidavit filed against himself and others." The Attorney-General suggests that the motion was too broad, and was, on that account, properly overruled. The motion to quash was not made on behalf of others, but was made by appellant alone, and addressed to the affidavit which included in its charge appellant and others. There is no merit in the contention of the Attorney-General.

2.

The motion to quash is based upon the grounds that the statute upon which the prosecution was based is in violation of the second clause of article 4, §22, of the state Constitution, which prohibits the passage of local laws for the punishment of crimes and misdemeanors, and that it is in violation of article 1, §23, which declares that " the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

The relevant parts of §2541, *supra,* read as follows: " Who-

ever shall take, catch or kill * * * any fish in any of the waters of this State by means of any * * * seine * * * except as otherwise provided in this section, * * * shall, on conviction, be fined not less than $10 nor more than $20, to which may be added imprisonment in the county jail for any period not to exceed thirty days. * * * Provided, that the provisions of this section as to the use of a * * * seine * * * shall not apply to the waters of Lake Michigan, private ponds, the Ohio river, or the Wabash river so far as it is the boundary line between the States of Indiana and Illinois; but, in such case, it shall, nevertheless, be unlawful to use any * * * seine * * * in the Ohio river, or Wabash river so far as the same is the boundary line between the States of Indiana and Illinois, within one hundred yards of the mouth of any stream emptying into said rivers from the Indiana side."

In the case of *Gentile* v. *State* (1868), 29 Ind. 409, this court held that a law regulating the taking of·fish from lakes and streams within the State, which did not apply to the Ohio and St. Joseph rivers, did not infringe any of the provisions of article 4, §22, of the Constitution, and if regarded as local, was not invalid or in violation of article 4, §23. Similar laws have been declared valid in other cases. *State* v. *Boone* (1868), 30 Ind. 225; *Stuttsman* v. *State* (1877), 57 Ind. 119; *State* v. *Lewis* (1893), 134 Ind. 250, 20 L. R. A. 52; *Gustavel* v. *State* (1899), 153 Ind. 613.

Appellant's counsel insists that the statute under consideration falls within the inhibition of the second clause of article 4, §22, of the state Constitution, against the passage of local laws "for the punishment of crimes and misdemeanors," and that this specific objection has never been considered or passed upon by this court. The contention is that the provision declaring it unlawful to seine within one hundred yards of the mouth of any Indiana stream emptying into the Ohio river, or into the Wabash river where it forms the boundary line between Indiana and Illinois,

and lawful to seine in said rivers 301 feet from the same points, renders the act local and void under this provision of the Constitution.

This statute was enacted as a part of the act of 1905, concerning public offenses. Acts 1905, *supra.*

If it be conceded that the act provides for punishment for crimes and misdemeanors within the meaning of the constitutional provision cited, it does not follow that it is invalid. Article 4, §22, of the Constitution does not preclude proper classification in legislation relating to the subjects therein enumerated, but does prohibit legislation which rests upon such arbitrary selection as renders the act local or special. Many of our penal statutes have exclusive application to special localities or objects, and are nevertheless general and unquestionably valid, because they rest upon an inherent and substantial basis of classification. The purpose of the act under consideration manifestly was to protect and promote the supply of fish in the waters of this State. The basis upon which the excepted class was formed is equally clear. Private ponds were excluded, since the fish therein are, in a sense, private property. The other waters are either partly or wholly beyond the boundaries of the State. It would be a vain thing to prohibit seining on the north side of the Ohio, and on the east side of the Wabash where they form state boundaries, when this mode of fishing was allowed on the opposite shores. The habit of fish to leave the larger rivers and ascend the smaller streams during certain seasons is well known. The prohibition against seining within a radius of one hundred yards of the mouth of any Indiana stream emptying into the boundary rivers, was clearly designed to prevent interruption or disturbance of the natural migration of fish from those rivers up the streams of this State. This was plainly within the objects of the act. The line defining the precise limits of classes must, in most cases, be in a sense arbitrary. The legislature had full power over the subject-matter of this legislation, and in making the

exceptions contained in the act there is no evidence of bad faith or purely arbitrary action. In view of the size of the boundary rivers, we cannot say that the one hundred-yard limit from the mouth of tributary streams is not reasonably calculated to subserve the legislative purposes. It is our conclusion, therefore, that the statute does not contravene article 4, §22, of the Constitution.

The only reason advanced in support of the other constitutional objection raised is that the act confers privileges on citizens residing near the Wabash river where it 5. forms a state boundary which are not allowed to citizens residing near the same stream where it is wholly within the State. This scarcely requires discussion, since it is manifest that a few persons necessarily share more largely than others the benefits of every general law, by reason of their special situation. This act does not confer privileges or immunities upon any citizens, but such fishing privileges as are not prohibited are available to all citizens on the same terms. *Pennsylvania Co.* v. *State* (1895), 142 Ind. 428, 438.

The statute is not subject to the constitutional objections urged by appellant, and the motion to quash was rightly overruled.

The judgment is affirmed.