SARACENO *v.* STATE OF INDIANA.

[No. 25,965.   Filed August 26, 1931.]

*William H. Kissinger* and *John M. Kissinger*, for appellant.

*James M. Ogden*, Attorney-General, and *Robert L. Bailey*, for the State.

MARTIN, C. J.—The appellant, Joseph Saraceno, alias Joe Taylor, was charged by an indictment in seven counts with the crime of bank robbery under §1, ch. 158, Acts 1927 p. 470, §2425 Burns Supp. 1929. The evidence is not in the record, but we are informed by the appellant's brief that the case grew out of a daylight holdup of a bank in Columbia City on April 18, 1929, staged by men who drove up in an automobile, three of them entering and robbing the bank of $3,000 while one (alleged to be appellant) remained with the automobile, and, upon the ringing of the bank's burglar alarm, engaged in a shooting duel with police officers with repeating guns, during which a woman was killed. Appellant was tried by a jury, which returned a verdict of guilty (stating that he was 33 years old) and he was sentenced to 10 years imprisonment in the Indiana State Prison.

Errors assigned and not waived present for considera-

tion the action of the court in overruling appellant's motions to quash the indictment and for a new trial, reasons assigned in the latter motion being the giving and refusal to give certain instructions and the sustaining of objections to questions propounded to jurors on their *voir dire* examination.

Appellant contends that his motion to quash was improperly overruled, for the reason that the facts stated in the indictment do not constitute a public offense, the alleged basis for this contention being that the statute under which the indictment is drawn is invalid because it is a "local and special law . . . for the punishment of crime," forbidden by §22, Art. 4, Constitution. Appellant's contention seems to be that, because the Indeterminate Sentence Law provides for maximum and minimum limits of imprisonment to be stated in the judgment, an act which provides for the imposition of a definite and certain term of imprisonment is local and special.

Section 8 of the Reformatory Act, ch. 53, Acts 1897 and §1 of the Parole Commission Act, ch. 143, Acts 1897 (re-enacted in the criminal code of 1905, §§275, 276, ch. 169, Acts 1905, and amended by ch. 200, Acts 1927, now being §§2316, 2317 Burns Supp. 1929), constitute what is known as "the Indiana Indeterminate Sentence Law."[1] Section 2317, *supra*, provides that whenever any male person 30 years of age or over is found guilty of any felony (other than treason or murder), "instead of pronouncing against such defendant a definite term of imprisonment, the court, after such finding or verdict of guilty, shall pronounce against him a sentence of imprisonment in the state prison for an indeterminate period, stating in such sentence the maximum and

---

[1] The constitutional validity of the Indeterminate Sentence Law, which is not in issue in the case at bar, was determined, by a divided court, in *Miller* v. *State* (1898), 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109. See, also, *Wilson* v. *State* (1898), 150 Ind. 697, 49 N. E. 904.

minimum limits thereof, *as such maximum and minimum limits of time for the punishment of such offense are now or may be hereafter prescribed by law,"* etc. (Our italics.)

It can readily be seen from the italicized portion above that it applies only to that class of felonies for which the law prescribes maximum and minimum limits of penalties. The statute under which appellant was convicted provides, in part, that a defendant "upon conviction, shall be imprisoned for life or for any determinate term of years not less than ten years," and that "the indeterminate sentence law of the State of Indiana shall not apply to sentences for the crime herein defined."

The Indeterminate Sentence Law does not apply generally and inclusively to all crimes nor to all criminals. But, even if it did at the time of its enactment apply to all crimes then defined and to all persons committing such crimes, the enactment of a new law defining a new crime and providing a determinate sentence therefor would not, by reason thereof, be a "local and special law for the punishment of crime," A law is not local and special if it applies to all who come within its provisions generally and without exception, rests upon an inherent and substantial basis of classification, and its operation is the same in all parts of the state under the same circumstances and conditions. We need not, in the decision of this case, enter into a detailed discussion of what constitutes a local and special law for the punishment of crime which is prohibited by §22, Art. 4, Constitution, §125 Burns 1926, but examples of such laws are discussed in *Armstrong* v. *State* (1908), 170 Ind. 188, 84 N. E. 3, 15 L. R. A. (N. S.) 646, and *State* v. *Wiggam* (1918), 187 Ind. 159, 118 N. E. 684, and examples of laws which were held not to be local and special laws for the punishment of crime are discussed in *Hammer* v. *State* (1909), 173 Ind. 199, 89 N. E. 850,

24 L. R. A. (N. S.) 795, 140 Am. St. 248, 21 Ann. Cas. 1034; *Long* v. *State* (1910), 175 Ind. 17, 92 N. E. 653; and *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 151 N. E. 390.

Instruction No. 3, given by the court was a lengthy instruction upon the burden of proof, the presumption of innocence and reasonable doubt. In the course of the instruction, the court stated that "this presumption of innocence attends him (the defendant) step by step at all stages of the trial until his guilt is established, if at all, to that degree of certainty" (i. e. beyond a reasonable doubt). The instruction contained the usual (and proper) statements that "it is your duty to weigh the evidence in the light of this presumption," and, "if you can reconcile the evidence before you upon any reasonable hypothesis consistent with the defendant's innocence, you should do so and return a verdict of not guilty." The appellant contends that the statement with reference to the presumption of innocence is incorrect, and that the court erred in giving the instruction and refusing to give appellant's requested instruction No. 3, which stated that "this presumption (of innocence) continues in his (defendant's) favor throughout the trial of the cause, step by step," as well as in refusing to give appellant's requested instruction No. 5 which stated that "this presumption (of innocence) prevails until the close of the trial." Appellant, to maintain his contention regarding the refusal to give instructions, cites *Farley* v. *State* (1891), 127 Ind. 419, 26 N. E. 898; *Ridge* v. *State* (1923), 192 Ind. 639, 137 N. E. 758; *Sims* v. *State* (1925), 197 Ind. 311, 147 N. E. 520, but we do not believe those cases support his position. The statute provides that "a defendant is presumed to be innocent until the contrary is proved," §2302 Burns 1926, and it is held to be error for a court to refuse proper requests for instructions that the presumption of inno-

cence prevails throughout the trial, and that it is the duty of the jury, if possible, to reconcile the evidence with this presumption. *Farley* v. *State, supra; Ridge* v. *State, supra.* Instruction No. 3 given by the court may not be strictly accurate or couched in the clearest language possible, but it includes in practical effect all that appellant contends for in his requested instructions, it includes the elements held to be necessary in the cases cited, and is quite as favorable to the defendant as the statute. See *Sims* v. *State, supra.*

During the *voir dire* examination of two of the jurors, the court refused, over appellant's objection, to permit his counsel to ask the prospective jurors: "Could and would you enter upon the trial of this defendant and assume that he is innocent of the crime charged and carry that assumption clear through the trial; that is, through the taking of the evidence from the witness stand, the arguments of counsel, the instructions of the court and until you have reached the jury room to deliberate upon the verdict?"

The extent to which a party may examine a prospective juror touching his qualifications to serve is not governed by fixed rules, but rests largely in the discretion of the trial court. *Epps* v. *State* (1885), 102 Ind. 539, 545, 1 N. E. 491. While the presumption of innocence may be said to continue throughout the trial, yet, when the evidence is concluded, if that evidence establishes the defendant's guilt beyond a reasonable doubt in the minds of the jury, it is useless to try to impress upon and commit jurors to the legal fiction that, notwithstanding such fact, they must still presume the defendant to be innocent until they reach the jury room. We do not believe the trial court abused its discretion in limiting the *voir dire* examination as it did.

Judgment affirmed.