JESSIE W. ARNOLD *v.* STATE OF INDIANA.

[No. 2-873A181. Filed December 12, 1974. Rehearing denied January 24, 1975.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Jessie W. Arnold (Arnold) appeals from a trial court judgment convicting him of Third Degree Arson claiming insufficient evidence and that it is not Third Degree Arson to burn an automobile.

We affirm.

## FACTS

The evidence and facts most favorable to the State are as follows:

On December 29, 1972, at approximately 3:45 P.M., Arnold was observed breaking the window of a locked 1967 maroon Chevrolet Impala located in a parking lot at 2402 East Tenth Street, Indianapolis, Indiana. He then poured a flammable liquid over the interior of the automobile from a gasoline can he was carrying, lit a match, threw it inside the broken window which ignited a rapidly burning fire that engulfed the car in flames destroying it. Arnold then jumped into a waiting car driven by two other individuals and departed,

Lieutenant Liming, an arson investigator for the Indianapolis Fire Department, testified that the fire had been started by an inflammable substance poured about the car's interior causing a rapid spread of flames and intense heat.

He also testified that he had been given Arnold's name and description by Margret Hockersmith, who resided across the street from the parking lot where the arson had been committed, who had witnessed the entire incident. Liming, with police assistance, later arrested Arnold in possession of a rifle and in the company of his brother and another individual. Arnold was subsequently charged by Amended Affidavit with Third Degree Arson.

Margret Hockersmith and another eyewitness, Carmella Georgia, testified to these happenings, and Miss Hockersmith positively identified Arnold both at the scene of the crime as well as in court as being the perpetrator of the arson. She stated that at the time of the crime the day was clear and sunny, that her vision of the torched car was unobstructed, and that she was acquainted with Arnold prior to her observance of the crime.

Paul George, owner of the burned vehicle, estimated its value as of the date it was destroyed to be approximately $1,200.00.

Arnold did not present any evidence in his own behalf. However, during the course of the trial, Arnold moved for Judgment on the Evidence, claiming the evidence showed that he should have been charged with Fourth Degree Arson. Arnold did not file a Motion to Quash or a Motion in Arrest of Judgment prior to trial.

The jury returned a verdict of guilty as charged and Arnold appeals the trial court's conviction sentencing him to imprisonment for a period of not less than two (2) nor more than five (5) years.

## ISSUES

Arnold presents two issues for our determination:[1]

ISSUE ONE

Did the charging affidavit set forth the elements of Third Degree Arson for which Arnold was convicted?

ISSUE TWO

Was the evidence sufficient to sustain Arnold's conviction of Third Degree Arson?

As to ISSUE ONE, Arnold contends that he was erroneously convicted of Third Degree Arson because the charging affidavit alleged that he set fire to an "automobile" which is specifically covered in the Fourth Degree Arson Statute.

The State responds that Arnold has waived his right to challenge the sufficiency of the affidavit charging him with Third Degree Arson by his failure to file a motion to Quash prior to trial.

As to ISSUE TWO, Arnold contends that conflicts in the eyewitness' testimony indicates she was not telling the truth.

The State argues that it was the jury's duty to weigh the evidence and determine the credibility of the witnesses.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that the affidavit set forth with sufficient certainty the elements of Third Degree Arson for which Arnold was properly convicted.

The Amended Affidavit charging Arnold with Third Degree Arson filed by the State on January 24, 1973, alleged that Arnold wilfully and maliciously set fire to and burned "an

---

1. Arnold argues an additional issue concerning eleven of the trial court's final instructions to the jury. Appellant has waived this alleged error because of his failure to include it in his Motion to Correct Errors [TR. 59(B)] or the memorandum attached thereto, and his failure either to set out verbatim the contested instructions or his specific objections thereto [Rule AP. 8.3(A)(7)].

automobile, to-wit: a 1967 maroon Chevrolet Impala, . . ." being "property of another, to-wit: Paul George, . . ." causing its destruction "to the damage thereof, in the sum of one-thousand two hundred dollars ($1,200.00). . . ."

The statute under which Arnold was convicted, IC 1971, 35-16-1-3, Ind. Ann. Stat. § 10-303 (Burns Supp. 1974), reads in pertinent part as follows:

> *"Arson in the third degree.*—Any person who wilfully and maliciously *sets fire to or burns,* or causes the setting of fire to or the burning . . . of *any chattels or personal property of any kind or character, including but not limited to* . . . such property being the *property of another* . . . shall be guilty of arson in the third degree. . . ." (our emphasis) (The Third Degree Arson Statute)

The allegations as stated in the Amended Affidavit and the proof that followed track the Third Degree Arson Statute in every material respect. But Arnold seizes on the use of the word "automobile" in the Fourth Degree Arson Statute [IC 1971, 35-16-1-5, Ind. Ann. Stat. § 10-305 (Burns Supp. 1974)], which makes it a crime to place "any combustible material [or] explosive substance . . . in an automobile or any property of another . . . *with an intent* to set fire to, burn, blow up, or destroy any such property. . . ."

Somewhat ingeniously he maintains that it is not arson to burn an automobile because that word was omitted from the Third Degree Arson Statute and included specifically in the Fourth Degree Arson Statute. Therefore he could only be tried and convicted of Fourth Degree Arson.

To the extent this semantic slight of hand can be considered a challenge to the sufficiency of the charging affidavit (as contended by the State), it fails because Arnold did not file a Motion to Quash prior to trial.

> "It is well settled in this State that an attack on the indictment must be made before trial." *Brown* v. *State* (1970), 254 Ind. 504, 506, 260 N.E.2d 876, 877.

See also,

Noel v. State (1973), 157 Ind. App. 338, 300 N.E.2d 132; Turner v. State (1968), 249 Ind. 533, 233 N.E.2d 473; McGowan v. State (1973), 156 Ind. App. 344, 296 N.E.2d 667; Obie v. State (1952), 231 Ind. 142, 106 N.E.2d 452; Lindsay v. State (1924), 195 Ind. 333, 145 N.E. 438; Waliski v. State (1922), 193 Ind. 232, 139 N.E. 363.

If Arnold's mutually exclusive interpretation of these two statutes be considered as limiting the discretion of the State to choose the particular statute under which a defendant may be prosecuted, he faces Von Hauger v. State (1969), 252 Ind. 619, 623, 251 N.E.2d 116, 118 in which Chief Justice Givan stated:

> "When a person commits acts which constitute the violation of more than one criminal statute, the State has the option to charge and prosecute under any or all of the statutes which have been violated.
>
> "It is sufficient if the indictment or affidavit charges and the evidence proves an offense under the statute."

See also, Beech v. State (1974), 162 Ind. App. 287, 319 N.E. 2d 678.

Taylor v. State (1968), 251 Ind. 236, 236 N.E.2d 825; Adams v. State (1974), 262 Ind. 220, 314 N.E.2d 53; Kindred v. State (1970), 254 Ind. 127, 258 N.E.2d 411; Durrett v. State (1966), 247 Ind. 692, 219 N.E.2d 814; Crump v. State (1972), 259 Ind. 358, 287 N.E.2d 342.

But his argument that he has only committed an offense, if any, under the Fourth Degree Arson Statute fails in any event as a matter of simple statutory construction. It is true that the Fourth Degree Arson Statute specifically uses the word "automobile". It is also true that the Third Degree Arson Statute prior to the time it was amended in 1972 used the word "automobile" and that word was omitted by the 1972 Amendment. Substituted in its stead were the words "chattels or personal property of any kind or character, including but not limited to. . . ."

The Legislative intent obviously was to replace the cumbersome wordiness of the former version of the Third Degree Arson Statute[3] with the present broad wording. The general classification of ". . . personal property of any kind or character . . ." in the Third Degree Arson Statute must reasonably be construed as including "automobiles". *Short* v. *State* (1954), 234 Ind. 17, 122 N.E.2d 82; *Woods* v. *State* (1957), 236 Ind. 423, 140 N.E.2d 752; *Caudill* v. *State* (1946), 224 Ind. 531, 69 N.E.2d 549; *Morris* v. *State* (1949), 227 Ind. 630, 88 N.E.2d 328; *State* v. *Griffin* (1948), 226 Ind. 279, 79 N.E.2d 537; *Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 101, 155 N.E. 465; *Sarlls, City Clerk* v. *State ex rel.* (1929), 201 Ind. 88, 104, 166 N.E. 270; *Long* v. *State* (1910), 175 Ind. 17, 92 N.E. 653.

---

3. "10-303 [2442.1]. Miscellaneous personal property—Setting fire to or burning.—Any person who wilfully and maliciously sets fire to or burns, or causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any barrack, cock, crib, rick or stack of hay, corn, wheat, oats, barley or other grain or vegetable product of any kind; or any field of hay, straw, grass or grain of any kind, cut or uncut; or any pile of coal, wood or other fuel; or any pile of planks, boards, posts, rails or other lumber; or any street-car, interurban car, railway car, boat, wharf-boat, watercraft or vessel, dirigible, balloon, airplane of any kind or character, automobile or other motor vehicle, finished or unfinished; or any reaping machine, mowing machine, threshing machine, separator, clover huller, plow, cultivator, or any other agricultural or farming implement, vehicle, or machinery, finished or unfinished; or any other personal property of any kind or character whatsoever not herein specifically named, such property being the property of another; or being insured against loss or damage by fire, and such setting of fire to or burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with the intent to prejudice or defraud the insurer, shall be guilty of a felony and shall, upon conviction thereof, be imprisoned in the state prison not less than one [1] nor more than three [3] years. [Acts 1927, ch. 44, § 3, p. 122.]

"10-304 [2442.2]. Goods, wares, merchandise, or chattels—Setting fire to or burning.—Any person who wilfully and maliciously sets fire to or burns, causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any goods, wares, merchandise or any other chattels or personal property of any kind or character whatsoever; such being the property of another, or being insured against loss or damage by fire and such burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with the intent to prejudice or defraud the insurer, shall be guilty of a felony and shall, upon conviction thereof, be imprisoned in the state prison not less than one [1] nor more than three [3] years. [Acts 1927, ch. 44, § 4, p. 122.]

*See also,*

BLACK's *LAW DICTIONARY*, pp. 299, 1382 (Fourth Ed. 1957) ; 73 C.J.S. Property § 8, p. 170; 59 C.J., Statutes § 319, p. 732.

The fact that the Fourth Degree Arson Statute both before and after the 1972 revision used the word "automobile" is of no significance. Two distinct and different crimes are created by these statutes, *Haynes* v. *State* (1973), 155 Ind. App. 472, 293 N.E.2d 204; *Johnson* v. *State* (1972), 258 Ind. 683, 284 N.E.2d 517; and "automobiles" could reasonably be included in each of them. Arnold cites no authority to the contrary.

Had the Legislature in 1972 specifically removed the term "automobile" from the Third Degree Arson Statute and placed it in the Fourth Degree Arson Statute in the 1972 consolidation, Arnold's argument might have merit. But such is not the case. The Fourth Degree Arson Statute (if such it be) has remained substantially unchanged since 1927.

Arnold's argument is a chimera . . . an illusory loophole that simply does not exist:

"... a statute must be reasonably and fairly interpreted so as to give it efficient operation, and to give effect if possible to the expressed intent of the legislature. It should not be wantonly narrowed, limited or emasculated and rendered ineffective, absurd or nugatory. If possible it should be allowed to perform its intended mission as shown by the existing evils intended to be remedied." *State* v. *Griffin, supra,* 226 Ind. at 284, 79 N.E.2d at 540.

*See also,*

*Balzer* v. *Waring* (1911), 176 Ind. 585, 590, 95 N.E. 257, 48 L.R.A. (N.S.) 834; *Walters* v. *Bank of America* (1937), 9 Cal.2d 46, 52, 69 P.2d 839; *DeTarr* v. *State* (1906), 37 Ind. App. 323, 327, 76 N.E. 897; *Perry Twp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 69, 64 N.E.2d 296; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 617, 62 N.E. 492; *Smith* v. *Indianapolis St. R. Co.* (1902), 158 Ind. 425, 427, 63 N.E. 849.

We must necessarily conclude that Arnold was properly charged with and convicted of the offense of Third Degree Arson as set out in the affidavit.

ISSUE TWO

CONCLUSION—It is our opinion that there was sufficient evidence of probative value presented at trial to sustain Arnold's conviction of Third Degree Arson.

Arnold bases his argument of insufficient evidence upon the unreliability of the positive identification made by Miss Hockersmith.

Of the two witnesses who viewed the crime, Carmella Georgia was closer to the torched car, directly across the street at her place of business, and yet was unable to positively identify Arnold as the perpetrator of the arson. Arnold then questioned the veracity of Miss Hockersmith's positive identification because she was observing the incident from a greater distance and from a slight angle across the street from her apartment window.

There was also some conflict in the testimonies of these two witnesses concerning the number of individuals at the scene of the crime and in the get-away vehicle.

Again we decline an appellant's invitation to reweigh the evidence and determine the credibility of witnesses.

Arnold was observed by two witnesses wilfully and maliciously setting fire to and burning personal property, to-wit: a 1967 maroon Chevrolet Impala automobile belonging to Paul George, resulting in the destruction thereof. He was identified as the arsonist both at the scene of the crime by an eyewitness and at trial.

The State having proved the elements of Third Degree Arson, and the evidence being sufficient to sustain the conviction thereof, we hereby affirm the judgment of the trial court.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 319 N.E.2d 697.