KENNETH A. JOHNSON, TYRONE HENDERSON, WILLIAM HOOD AND
GRADY THOMAS BOBBITT *v.* STATE OF INDIANA

[No. 3-376A70. Filed September 14, 1977.]

*Jeanne Swartz,* of South Bend, for appellant Johnson, *Edward C. Hilgendorf,* of South Bend, for appellant Hood, *Paul T. Cholis,* of South Bend, for appellant Henderson, *Leo J. Lamberson,* of South Bend, for appellant Bobbitt.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

STATON, P.J.

Kenneth A. Johnson, Tyrone Henderson, William Hood, and Grady Thomas Bobbitt escaped from the St. Joseph County Jail on March 25, 1975. They were charged in one Information with the violation of the jailbreaking statute, IC 1971, 35-21-8-1 (Burns Code Ed.). Later, a jury found them guilty of a felonious jailbreaking. All were sentenced to the Department of Corrections for a period of not less than one year nor more than five years. Their appeal to this Court is based upon the unconstitutionality of the statute. The statute provides a choice between a felony and a misdemeanor conviction. This choice is to be made by the jury in spite of the fact that the statute provides no guidelines. We affirm.

During trial, the only allegation of the unconstitutionality of the statute was made by Hood when he orally moved for dismissal. The other defendants joined the motion. This motion

was made at the close of the State's evidence, before the verdicts were rendered, and it was overruled. No objections were made to the instructions which referred to and informed the jury concerning the jailbreak statute; and no objections were made to the forms of verdict submitted to the jury.

The question of constitutionality of the statute was not properly presented. A motion to dismiss must be in writing and must be accompanied by a memorandum which specifically states the legal question if a question of law is involved. IC 1971, 35-3.1-1-4 and 35-3.1-1-8 (Burns Code Ed.). When the alleged defect in the indictment or information is based upon the unconstitutionality of a statute, the motion to dismiss must be made prior to arraignment and plea. IC 1971, 35-3.1-1-4(a)(1) and 35-3.1-1-4(b) and 35-3.1-1-6(a)(3). *See Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841, 843; *Arnold v. State* (1974), 162 Ind. App. 402, 319 N.E.2d 697. The trial judge properly overruled the defendant's oral motion.

The defendants made no other objections to the constitutionality of the statute at trial, and therefore no error relating to constitutionality has been preserved. Having been shown no reversible error in the overruling of the motions to dismiss, we affirm the judgment of the trial court.

Garrard, J., Concurs;

Hoffman, J., Concurs in Result with opinion.

## OPINION CONCURRING IN RESULT

HOFFMAN, J.—I concur in result only.

This case should be affirmed solely on the basis of IC 1971, 35-3.1-1-6(a)(3), (Burns Code Ed.), which states that an indictment or information is defective when the statute defining the crime charged is unconstitutional or otherwise invalid.

IC 1971, 35-3.1-1-4(a)(1), (Burns Code Ed.), provides that the court may, upon motion of the defendant, dismiss the indictment or information on the ground set out in 35-3.1-1-6, and further

provides in 35-3.1-1-4(b), that said motion *shall* be made prior to arraignment and plea.

Appellant herein having failed to file his motion prior to arraignment and plea is precluded from raising the constitutionality of the crime charged.

NOTE—Reported at 367 N.E.2d 25.