Rawleigh C. **WILSON,** Appellant–Plaintiff,

v.

**MONTGOMERY COUNTY ELECTION BOARD, et al.,** Appellees–Defendants.

No. 54A04–9406–CV–247.[1]

Court of Appeals of Indiana, First District.

Nov. 2, 1994.

Rehearing Denied Jan. 26, 1995.

---

1. This case was transferred to this office September 21, 1994, by direction of the Chief Judge.

Rawleigh C. Wilson, pro se.

Harry A. Siamas, Crawfordsville, for appellees.

ROBERTSON, Judge.

Rawleigh C. Wilson appeals from an adverse decision on his petition for declaratory judgment. Wilson had sought a declaration that several Indiana election laws are unconstitutional. Wilson also appeals from the affirmance of the determination of the Montgomery County Election Board that he is disqualified to be a candidate for the position of Montgomery County Sheriff. He raises numerous allegations of error. We affirm.

The evidence reveals that Wilson filed his declaration of candidacy for the election of Sheriff of Montgomery County. The Montgomery County Election Board subsequently sent Wilson notice of a hearing to determine whether Wilson was qualified for the office of Sheriff. The notice informed Wilson that his name would not be placed on the ballot if the Election Board were to determine that he did not meet the qualifications to be a candidate for the office.

Wilson sought an injunction to prevent the Election Board from holding its hearing. The trial court denied the request. On March 10, 1994, Wilson filed a petition for a declaratory judgment in which he sought to have the trial court declare Ind.Code 35–50–2–1 and 3–8–1–5 unconstitutional.

On the same day, the Election Board held its hearing. The Election Board obtained a certified copy of a judgment and commitment order, which had been entered against Wilson on July 6, 1984, in the U.S. District Court for the Southern District of Indiana after Wilson had pled guilty to the offense of making a pipe bomb, in violation of 26 U.S.C. Sec. 5861(f) and 5871. Wilson had received a sentence of two years for the offense. At the hearing before the Election Board, Wilson agreed that he is the person named in the order. The Election Board decided Wilson was disqualified to be a candidate for public office pursuant to I.C. 3–8–1–5 because he had been convicted of a felony and, as a consequence, decided his name should not be placed on the ballot for the primary election. On March 18, 1994, under the same cause number as the declaratory judgment action, Wilson filed a motion for judicial review of the Election Board's decision. The trial court eventually affirmed the decision of the Election Board and denied the declaratory judgment in a judgment very similar to this opinion on appeal.

In Indiana, prospective candidates for local offices file a declaration of candidacy with the circuit court clerk. See I.C. 3–8–2–6. All questions concerning the validity of a declaration of candidacy filed with a circuit court clerk shall be referred to and determined by the county election board. See I.C. 3–8–2–14. Further, under I.C. 3–6–5–31, if the county election board, after affording due notice and an opportunity for a hearing, determines that a person has engaged or is about to engage in an act or practice that constitutes or will constitute a violation of a provision of Title 3 of the Indiana Code or of a rule or order issued under that Title, the board shall take the action it considers appropriate under the circumstances.

Indiana Code Section 3–6–5–14 describes the powers and duties of county election boards, in pertinent part, as follows:

Each county election board, in addition to duties otherwise prescribed by law, shall:

(1) except as provided in IC 3–8–5 and IC 3–10–7 for town conventions and municipal elections in small towns, conduct all elections and administer the election laws within the county ...

One such election law is I.C. 3–8–1–5(b)(3):

A person is disqualified from holding or being a candidate for an elected office if the person:

\* \* \* \* \* \*

(3) has:

(A) entered a plea of guilty or nolo contendere to; or

(B) been convicted of; a felony (as defined in IC 35–50–2–1).

According to I.C. 35–50–2–1, "felony conviction" means a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year; however, it does not include a conviction with respect to which the person has been pardoned or a conviction of a class A misdemeanor under I.C. 35–50–2–7(b).

■ Inasmuch as Wilson received a sentence of two years for his offense, he "might have been imprisoned for more than one (1) year" and the offense was a felony under I.C. 35–50–2–1. Further, in 1984, Wilson entered a plea of guilty to the charged offense, which the District Court ultimately reduced to a conviction. Wilson therefore "has entered a plea of guilty ... to" and "been convicted of a felony (as defined in IC 35–50–2–1)" and "is disqualified from ... being a candidate for an elected office" under I.C. 3–8–1–5(b)(3)(A) and (B). The Election Board was to administer the latter election law within Montgomery County and was to decide all questions concerning the validity of Wilson's declaration of candidacy. The Election Board properly did so when it decided that Wilson was disqualified for candidacy and that his name should not be placed on the ballot.

■ Wilson claims the Election Board is proceeding under "I.C. 5–8–3–1(b)(3)" and he therefore could have been removed only after his election under I.C. 5–8–3–2. In the notice sent to Wilson, however, the Election Board relied upon I.C. 3–8–1–5(b)(3) and not upon I.C. 5–8–3–1 (subsection (b)(3) of which does not exist). The Election Board also based its subsequent decisions on I.C. 3–8–1–5. The trial court and this Court have determined that the Election Board's decisions, based upon that statute, were proper. Wilson further maintains that I.C. 5–8–3, and not I.C. 3–8–1–5, applies to his situation because he was convicted of a federal offense. He also identifies several statutes of limitation he believes show his 1984 conviction may no longer be used to disqualify him. As noted above, however, the definition of felony, for the purposes of I.C. 3–8–1–5(b)(3), applies "in any jurisdiction at any time." I.C. 35–50–2–1. Therefore, I.C. 3–8–1–5(b)(3) applies to Wilson's 1984, federal conviction.

■ Wilson raises claims of disenfranchisement. He contends the decision of the Election Board violates the notion of one person, one vote. The State, however, has a legitimate interest in the qualifications of candidates. *Taylor v. State Election Board* (1993), Ind.App., 616 N.E.2d 380, 387. Voters do not have the privilege to vote for someone not qualified to be a candidate for the office, and the State simply has chosen one way to protect its interest in the qualifications of candidates through the mechanism of the county election board. Such a mechanism is proper.

■ Wilson claims that he could only be disqualified from holding office by a judge at the time of sentencing. Wilson cites I.C. 35–50–5–1.1, which allows a court to include in a sentence an order rendering the person convicted of bribery or official misconduct incapable of holding public office for a fixed period of not more than ten years. Wilson further cites I.C. 3–7–1–15(b), which provides that a person on probation or parole following conviction of a crime and not subject to lawful detention is not disfranchised. He claims that these statutes conflict with I.C. 3–8–1–5 and that together they violate the principle that all laws within the State should be uniform. Neither I.C. 35–50–5–1.1 nor I.C. 3–7–1–15(b), however, purport to apply to the circumstances in the present case. The existence of these two statutes does not nullify the statutes which allow the county election board to determine whether prospective candidates meet the qualifications to hold office. Wilson has not shown that the statutes cannot exist in harmony with each other. The trial court properly determined that the statutes are not unconstitutional.

■ Wilson claims he may not be disenfranchised for a crime which did not involve moral turpitude. He cites only our Rules of Court to support his contention. We note that Ind. Const., art. II, sec. 8, permits disenfranchisement upon conviction of an infamous crime. Inasmuch as Wilson might have been imprisoned for more than one year, his offense qualifies as an infamous crime. *See Taylor*, 616 N.E.2d at 385. Wilson has not shown he is entitled to relief on this issue.

■ Wilson claims that I.C. 3–8–1–5 is a special law prohibited by Ind. Const., art. IV, sec. 22. We note, however, that, in determining whether or not a legislative classification is reasonable or "special" and, therefore, violative of the Constitution, every reasonable presumption must be indulged in favor of the constitutionality of the statute. *Tin-*

der v. Music Operating Inc. (1957), 237 Ind. 33, 142 N.E.2d 610. A law is not special if it applies to all who come within its provisions generally and without exception, it rests upon an inherent and substantial basis of classification, and it operates the same in all parts of the State under the same circumstances and conditions. See Saraceno v. State (1931), 202 Ind. 663, 177 N.E. 436. A special law is one made for individual cases, or for less than a class requiring laws appropriate to its particular condition and circumstances, or one relating to particular persons or things of a class. Perry Civil Twp. v. Indianapolis Power & Light Co. (1943), 222 Ind. 84, 51 N.E.2d 371. Wilson has presented nothing from which one could conclude the legislature passed the statute in question to apply in such circumstances. As noted in Taylor, 616 N.E.2d at 384, 387, I.C. 3–8–1–5(3)(B) is reasonably necessary to accomplish the legitimate objective of disqualification because it regulates officials based upon their general characteristics, one of which is trustworthiness. Thus, the statute applies generally to all potential candidates, rests upon an inherent and substantial basis of classification, and operates the same in all parts of the State under the same circumstances and conditions. It is not a special law which violates the Indiana Constitution.

Wilson claims that I.C. 3–8–1–5 disenfranchises a person in direct conflict with amendment XIV of the Constitution of the United States. He has not supported his contention with citation to authority or cogent argument. The issue is waived. See Green v. State (1971), 257 Ind. 244, 274 N.E.2d 267. If Wilson intended his claim to be addressed to the issue of due process, then Taylor, 616 N.E.2d at 385–386, decided the matter adversely to his position.

▮ Wilson claims that I.C. 3–8–1–5 deprives him of his "privileges and liberty." Again, he has not supported his contention with citation to authority or cogent argument and has waived the issue. Further, however, Wilson does not have the privilege to vote for someone not qualified to be a candidate for the office, even himself, because the State has a legitimate interest in the qualifications of candidates. Taylor, 616 N.E.2d at 387.

Moreover, contrary to Wilson's assertions, he has no liberty or property interest in obtaining public office. See id. at 386 (no liberty or property interest in remaining in public office).

▮ Wilson claims the acts of the Election Board punished him twice for the same offense. Disqualification is, however, not punishment but regulation of a present situation. Taylor, 616 N.E.2d at 386. The Election Board did not impose any additional punishment upon Wilson for his past conviction, and the disqualification did not violate double jeopardy. See id.

Wilson finally claims that the imposition of his disqualification is a violation of the "separation of church and state." He asserts that, under I.C. 35–50–2–1, "Jesus Christ and ten (10) of the twelve (12) disciples that wrote the Holy Bible are convicted felons" and that a ruling which asserts that convicted felons have the general characteristics of being untrustworthy establishes "a policy that the Christian Religion is not trustworthy." Once more, he has not supported his contention with citation to authority or cogent argument. The issue is therefore waived. We note, however, that the claim is speculative and not relevant to the issues.

Judgment affirmed.

NAJAM and RUCKER, JJ., concur.